JONES, Justice:
The appellee, George Stewart, obtained a default judgment in the amount of $1,350 against one John R. Smith in the Circuit Court of Marion County, Mississippi, on December 5, 1966. The judgment was obtained for damages resulting from an automobile accident; and after the judgment was obtained, Stewart had a writ of garnishment issued against the appellant on the ground that the appellant was the insurer of the owner of the car which was being driven by John R. Smith and the appellant was therefore liable to George Stewart for the amount of the judgment. The appellant denied such indebtedness and, as authorized by section 2803 of the Mississippi Code 1942 *439 Annotated (1956), pled that the judgment on which the writ was issued was void, The Circuit Court of Marion County, after a hearing, rendered a decree against the appellant for the amount of the judgment with interest. Appellant appeals here. We reverse and dismiss the writ of garnishment,
The original judgment was obtained upon a declaration alleging that the defendant therein, John R. Smith, was a nonresident of the State of Mississippi and an adult resident citizen of the State of Louisiana whose address was Box 13213, Louisiana State University, Baton Rouge, Louisiana.
Summons for the defendant, giving the address aforesaid, was forwarded to the sheriff of Hinds County and served by him upon the Secretary of State as the agent for the nonresident defendant, in accordance with section 9352-61 of Mississippi Code 1942 Annotated (Supp.1966).
As required by this statute, the Secretary of State forwarded by registered mail to John Smith at the address given on the summons, which was the same as that recited in the declaration, a notice that he had been served with process and enclosed with the letter of notice a copy of the process. The declaration was filed August 29, 1966. The summons was issued the same day. It was served upon the Secretary of State August 31 and forwarded by him by registered mail to the defendant at the address cited on the same day.
On September 13, 1966, the Secretary of State wrote to the Circuit Clerk of Marion County, who had issued the summons, and sent a photostatic copy of the front and back of the envelope in which the summons and notice had been mailed to the defendant. The last letter from the Secretary of State recited that the summons and notice were enclosed in the registered letter. The enclosed copy of the envelope shows that it was addressed to John Smith, Box 13213, Louisiana State University, Baton Rouge, Louisiana. It was registered mail with directions to deliver to the addressee only, with a request for a return receipt, and with a request to the postmaster to advise if the addressee refused to accept delivery. The envelope was returned September 8, 1966, unopened and stamped “return to sender.” There was also stamped on it such information as “no such box number,” “insufficient address” and “directory service given.”
This copy of the envelope and the notification from the Secretary of State were filed in the clerk’s office on September 14, 1966. There is also in the record a receipt showing the plaintiff sent the required fee for service of such process.
No further steps apparently were taken to ascertain the correct address of the nonresident and on December 5, 1966, there was rendered a final default judgment against the nonresident for the sum of $1,350 together with costs, although there was no evidence of notice to him of the pendency of such suit.
The first question before us is the validity of the judgment originally obtained. Appellant asserts that it is void on its face and we agree.
Section 9352-61 of the Mississippi Code 1942 Annotated (Supp.1966) provides that the acceptance by a nonresident of the use of our roads, highways, etc., is deemed equivalent to an appointment by him of the Secretary of State of the State of Mississippi as his true and lawful attorney upon whom may be served process or summons.
It is not sufficient, however, merely to serve summons upon the Secretary of State. The statute provides that when it is served upon the Secretary of State, he shall mail as certified or registered mail to the last known address of the defendant (to be shown in the summons) notice that summons has been served upon him. There is to be enclosed with this letter a copy of the service. It is further required that a return receipt be requested and that the envelope be stamped for delivery to addressee only. If the defendant signs a receipt for the letter, the receipt is forwarded by the Secretary of State to the clerk of the court which *440 issued the summons and is evidence of the fact that the defendant has had actual notice of the suit. If the defendant should refuse to accept delivery of the certified or registered letter, the envelope containing the summons would be returned to the Secretary of State; and thereupon evidence of the defendant’s refusal to accept delivery of the certified or registered mail shall be filed with the clerk of the court which issued the summons. The defendant’s refusal to accept such notice would prevent him from claiming lack of notice of the said suit.
There is an additional way for obtaining service and that is by having someone personally deliver the summons to the defendant and file his affidavit to such effect in the court where the action is pending.
 These are the three methods provided by the statute for the service of process upon a nonresident. It is essential to due process that a defendant have notice of an action against him. The three instances above are the ones provided by this statute for conferring jurisdiction upon the local courts over a nonresident. This statute is strictly construed and the provisions thereof must be followed to give the court jurisdiction. Nationwide Mut. Ins. Co. v. Tillman, 249 Miss. 141, 161 So.2d 604 (1964); Rice v. McMullen, 207 Miss. 706, 43 So.2d 195 (1949).
The necessary facts do not appear here. On the other hand, it appears conclusively that the notice was forwarded to an address which did not exist. There was no return receipt from the defendant; there is no evidence of refusal of the letter by him; nor is there any evidence of the actual delivery of the process to him.
For lack of process and jurisdiction the original judgment by default awarding the appellee George Stewart a judgment for $1,350 is declared void and held for naught.
At the hearing on the writ of garnishment nowhere was the claimed policy of insurance introduced or made a part of the record. It would be impossible without seeing it to tell whether it covered either the driver of this automobile or the damages here sought. For that reason also it was error to grant the judgment on the garnishment writ.
The case is reversed, the original judgment held void, and the writ of garnishment dismissed.
ETHRIDGE, C. J., and BRADY, IN-ZER, and ROBERTSON, JJ., concur.