JONES, Justice:
Roger Dale Hill was employed by Magnolia Tree Service of Jackson, Mississippi. On April 11, 1966, a truck which was owned by the employer and in which Hill was a passenger was struck by a school bus owned by Newton County and driven by one Harold Leverett. Hill was covered by the Workmen’s Compensation Act and his medical expenses were paid. He received benefits under that Act from the time of the injury to the filing of this suit.
On February 14, 1967, the injured employee filed a third party action against Newton County, Mississippi, under section 6336-19 of the Mississippi Code 1942 Annotated (Supp.1966), and also against Harold Leverett, the driver of the bus. On March 20, 1967, U. S. Fire Insurance Company filed with the Circuit Court of Newton County, where the said case was pending, a petition to intervene pursuant to section 6998-36 of the Mississippi Code 1942 Annotated (1952). The insurance company charged that it was the carrier of Magnolia Tree Service’s Workmen’s Compensation insurance and that, under the Workmen’s Compensation Act and in accordance therewith, it was obligated to and did pay compensation benefits to Roger Dale Hill at the rate of $35 per week from the date of the accident to the date of the filing of the petition for a total of $1,680. The petition to intervene also averred that the carrier had paid medical benefits on behalf of Hill in the amount of $4,305.15, that it was obligated to continue payment of Workmen’s Compensation benefits to Hill, and that it would probably be obligated to pay Workmen’s Compensation payments in excess of $5,000. On the same day, March 20, 1967, by order of the court, such intervention was permitted. The defendant, Harold Leverett, filed no answer to the declaration against him which sought damages in the sum of $145,-000. On April 3, 1967, default judgment was taken against him with a writ of inquiry directed to issue to assess the amount of damages.
Newton County filed its answer which amounted to a general, traverse, but on the hearing hereinafter mentioned there was no contest made by the county.
A writ of inquiry was issued to and executed by the circuit judge whose finding was that Hill had sustained damages in the amount of $145,000 and was entitled to a judgment against Harold Leverett for this amount.
On the same day, April 3, 1967, the matter was heard before the judge without a jury on testimony establishing the liability of Newton County and establishing the amount of damages and injuries sustained by the employee. Three witnesses were used — the plaintiff, his wife, and the fellow employee who was on the truck at the time of the in *442 jury. The stenographer’s transcript of this hearing totalled twenty-eight pages.
After hearing the testimony, the judge entered a judgment against the defendants for $145,000 but the liability of Newton County was limited to $5,000.
The lower court further held that the employee’s attorneys were entitled to reasonable attorneys’ fees in the amount of $48,-333.33 which sum was to be payable from the first proceeds collected on the judgment above mentioned. This sum was allowed as reasonable costs of collection as provided by section 6998-36, Mississippi Code 1942 Annotated (1952).
The order provided that after payment of the attorneys’ fees, any further “recovery under said judgment” over and above the costs of collection or “so much thereof that is necessary” should be used to discharge the legal liability of the insurance carrier under the Workmen’s Compensation Act, and that if there were “any excess recovered under said judgment,” the same should belong to the plaintiff, Roger Dale Hill.
The case comes here on appeal by U. S. Fire Insurance Company, the only appellant.
The defendant, Leverett, as stated, did not answer and he makes no appearance here. The injured employee makes no contest here, nor does Newton County. It was conceded in argument that the judgment against Leverett was worthless and his actions in the case so indicate.
Under these circumstances, before the injured employee would be entitled to anything, it would be necessary that there be collected from Leverett, who we are told in the argument has nothing, the sum of $48,-333.33 less $5,000 to be paid by the county, plus whatever might be due to the insurance carrier under the Workmen’s Compensation Act. Yet the injured employee, whom the evidence shows to be in a critical condition, is the person most vitally interested and the one whose rights should be guarded.
Section 6998-36 (being section 30 of the Workmen’s Compensation Act) provides for third party actions; and, insofar as attorneys’ fees are concerned and the distribution of the money collected by a third party action, it provides:
[A]ny amount recovered by the injured employee or his dependents (or legal representative) from a third party shall be applied as follows: Reasonable costs of collection as approved and allowed by the court in which such action is pending, or by the commission of this state in case of settlement without suit, shall be deducted; the remainder, or so much thereof as is necessary, shall be used to discharge the legal liability of the employer or insurer, and any excess shall belong to the injured employee or his dependents.
It is under the provision for reasonable costs of collection that the attorneys’ fees are allowed by the court in which the action is pending, as in this case. Emphasis by appellee has been placed on the word “recovered” and it is argued that the amount of the judgment is the “amount recovered.” The “amount recovered” has numerous meanings and in many cases means “collected.” 76 C.J.S. Recover pp. 170-171 (1952). Quoting just one phrase from that citation, it is said: “It has been said that ‘recovered,’ in its general sense, imports a payment compelled by judicial proceedings.” When we consider the various meanings of the word and the manner in which it is used in the statute where it says, “any amount recovered * * * shall be applied as follows: Reasonable costs of collection as approved and allowed by the court * * it is clear that the “amount recovered” in this act was intended by the legislature to mean any amount collected. We cannot imagine the legislature’s intending that the attorney should under any circumstances have the entire amount recovered and that neither the insurance carrier nor the employee should receive anything.
We hold that the judge of the lower court was manifestly wrong and abused his *443 discretion in allowing such a fee in this case and in providing for its full payment before the insurance carrier or the injured employee received anything. It is interesting to note that in the order of the lower court allowing such fee it was stated: (1) That after the payment of the fee “any further recovery under said judgment” or so much as is necessary should be paid to the inter-venor; and (2) That any excess “recovered under said judgment” be paid to the employee. We are not advised as to who prepared this order but whoever did, as well as the judge, evidently used the words “recovery” and “recovered” as meaning “payment” and “paid.”
The order relating to the attorneys’ fees will be and is amended to read as follows:
It is further ordered and adjudged that plaintiff’s attorneys, Henry, Barber and Decell, are entitled to reasonable attorney’s fees to be payable from the amount or amounts hereinafter paid as a result of the judgment; that when and if any amounts are paid or collected on said judgment, there shall be first paid to the said attorneys from each partial payment one third thereof, and the remainder of any such partial payment, or so much thereof as is necessary, shall be used to discharge to the extent of such payment the legal liability of the employer or the insurer; and, after the attorneys have been paid their one-third of any amounts collected and after the insurance carrier has been repaid to the extent of its legal liability under the Workmen’s Compensation Act, any excess of any such payment shall belong to the injured employee or his dependents.
Each separate payment, if more than one are made, shall be handled as aforesaid.
With the judgment modified as hereinbe-fore provided, the case is affirmed.
Affirmed as modified.
ETHRIDGE, C. J., and BRADY, INZER and ROBERTSON, JJ., concur.