ACTION LEASING AND RENTAL, INC., Plaintiff-Appellee, *v.* LONNIE SHEPARD, Defendant-Appellant.

Fifth District   No. 5—83—0133

Opinion filed July 23, 1984.

JONES, J., dissenting.

William L. Broom III, of Barrett, Twomey, Morris & Broom, of Carbondale, for appellant.

James R. Moore, of Carterville, for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

In litigation in Mississippi arising out of certain agreements for the lease of vehicles, the plaintiff, Action Leasing and Rental, Inc., obtained a default judgment in October of 1980 against the defendant Shepard Emergency Service, Inc., a corporation, and against the defendant Lonnie Shepard individually. Upon plaintiff's petition for registration of a foreign judgment in the circuit court of Jackson County, the defendants challenged the personal jurisdiction of the Mississippi court over them. Following a hearing, the court in Illinois granted the petition as to Lonnie Shepard individually, entering judgment in the amount of $11,173.91, but, for reasons that are of no importance to this appeal, denied the petition as to Shepard Emergency Service, Inc. Lonnie Shepard brings this appeal, contending that the Mississippi court lacked personal jurisdiction over him and that the judgment of the Illinois court that the Mississippi court had such jurisdiction is against the manifest weight of the evidence. We agree.

The applicable Mississippi long-arm statute (Miss. Code Ann. sec. 13—3—57 (1972)) provides for the appointment of the Secretary of State of the State of Mississippi as the agent, for service of process, of a nonresident person doing business in Mississippi, specifying that service of process upon the Secretary of State is to be as "provided by law for service on nonresident motorist defendants under section 13—3—63 ***." Section 13—3—63 (Miss. Code Ann. sec. 13—3—63 (1972)) provides for such service of process in pertinent part as follows:

"*** Service of such process or summons shall be made *** by serving two copies of the process or summons for each nonresident defendant, with a fee of five dollars ($5.00) for each such defendant on the secretary of state or by leaving two copies of said process or summons with the fee in the office of the secretary of state, and such service shall be service upon said nonresident defendant with the same force and effect as if such nonresident had been personally served with such process or summons within the State of Mississippi. One of the copies of such process or summons shall be preserved by the secretary of state as a record of his office. Notice of such service, together with a copy of the process or summons, shall be mailed forthwith as certified or registered mail, restricted for delivery to addressee only and with postage prepaid, by the secretary of state to each such nonresident defendant at his last known ad-

dress \*\*\*, or notice of such service and copy of process or summons actually shall be delivered to the said defendant. The defendant's return receipt or evidence of defendant's refusal to accept delivery of such certified or registered mail, in case such notice and copy of process or summons are sent by certified or registered mail, or affidavit of the person delivering such notice and copy of process or summons \*\*\* actually are delivered, shall be filed in the court where such action is pending before judgment can be entered against such nonresident defendant. \*\*\*"

At the hearing in Illinois the sole witness was Lonnie Shepard, who testified that the signature of Rebecca Scherben, spelled "Shierbaum" in the briefs, appears on the receipt for registered mail sent by the Secretary of State of the State of Mississippi to Lonnie Shepard at the address of his residence in Carbondale. The receipt, which is in evidence, bears the date of July 21, 1980, and is marked for restricted delivery. Also in evidence is the receipt, bearing the same date, for registered mail sent by the Secretary of State of the State of Mississippi to Shepard Emergency Service, Inc., at the same address in Carbondale. The signature of Rebecca Scherben likewise appears thereon. Shepard testified that Rebecca Scherben had resided with him at that address at the time in question and had subsequently married him. He is the president and sole shareholder of Shepard Emergency Service, Inc. At the time in question Rebecca Scherben was the corporate secretary. As secretary, she picked up mail from the mailbox. The corporate office was located in the remodeled garage of his residence, and home and office bore the same address. Shepard indicated that he had never received the registered mail in question and testified that he had first learned of the cause of action in Mississippi and the judgment against him in April of 1981 when he was served by the sheriff of Jackson County, apparently with the summons and petition to register the foreign judgment.

■ It is elementary that if the defendant has not been served with process as the law requires and has entered no appearance, the court lacks jurisdiction over the defendant, and a default judgment against such a defendant is void. (*First Federal Savings & Loan Association v. Brown* (1979), 74 Ill. App. 3d 901, 905, 393 N.E.2d 574, 577.) In *State Farm Mutual Automobile Insurance Co. v. Stewart* (Miss. 1968), 209 So. 2d 438, 439-40, the Supreme Court of Mississippi discussed the ways by which the long-arm statute in question confers jurisdiction upon Mississippi courts over nonresidents:

"It is not sufficient, however, merely to serve summons upon

the Secretary of State. The statute provides that when it is served upon the Secretary of State, he shall mail as certified or registered mail to the last known address of the defendant (to be shown in the summons) notice that summons has been served upon him. There is to be enclosed with this letter a copy of the service. It is further required that a return receipt be requested and that the envelope be stamped for delivery to addressee only. If the defendant signs a receipt for the letter, the receipt is forwarded by the Secretary of State to the clerk of the court which issued the summons and is evidence of the fact that the defendant has had actual notice of the suit."

After discussing the other two ways of effecting service of process upon a nonresident, defendant's refusal of delivery of a certified or registered letter and personal service of summons with an affidavit filed to that effect, neither of which are of concern here, the court continued:

"These are the three methods provided by the statute for the service of process upon a nonresident. It is essential to due process that a defendant have notice of an action against him. The three instances above are the ones provided by this statute for conferring jurisdiction upon the local courts over a nonresident. This statute is strictly construed and the provisions thereof must be followed to give the court jurisdiction." 209 So. 2d 438, 440.

In both *Stewart* and *Nationwide Mutual Insurance Co. v. Tillman* (1964), 249 Miss. 141, 160, 161 So. 2d 604, 611, the Mississippi Supreme Court held that the statutory provision which is presently section 13—3—63 of the Mississippi Code 1972 Annotated is in derogation of the common law and, therefore, is required to be strictly construed. A strict construction of such statute, which is also the prescribed method of personal service on nonresidents under the Mississippi long-arm statute, obviously anticipates that if the return receipt is filed to establish service of process, it must be signed by no one other than the addressee in order for jurisdiction to be obtained over a nonresident defendant. This statute, permitting service upon nonresident motorists by certified or registered mail "restricted for delivery to addressee only," provides an alternative method of service in the event that defendant's return receipt or evidence of his refusal to accept delivery of such certified or registered mail are not available for filing.

An identical result was reached by the court in *State ex rel. Lesliy v. Aronson* (Mo. App. 1962), 362 S.W.2d 61, where the Missouri

appellate court considered a factually similar situation. In *Aronson* the court considered the Missouri nonresident motorist statute, which provided that the Missouri Secretary of State mail notice of pending litigation by "restricted, registered mail" with the endorsement "deliver to addressee only," and held that the statute would not permit the return receipt to be signed by one other than the addressee. 362 S.W.2d 61, 64-65; See generally Annot., 95 A.L.R.2d 1033, 1053-54 (1964).

■ In view of the Mississippi Supreme Court's mandate to strictly construe the applicable statute, we are persuaded that the circuit court of Jackson County, Illinois, incorrectly decided that the service of process on the defendant in this case was effected. As stated by the Mississippi Supreme Court in *Stewart*: "It is essential to due process that a defendant have notice of an action against him." (209 So. 2d 438, 440.) In the case at bar, the return receipt was signed by someone other than the addressee, and it is uncontradicted that the defendant never, in fact, received notice that he was being sued in Mississippi. We find, as did the Missouri Appellate Court in *Aronson*, that there was no service of process in the instant case. Therefore, the Mississippi court failed to acquire jurisdiction over defendant Lonnie Shepard and the judgment it purported to have entered against him is void. In so holding we note that there is a policy consideration which supports our determination. If service of process on someone other than the addressee were permitted, there can be no assurance that the person receiving the process sent by the Mississippi Secretary of State would notify the defendant. The statutory language utilized by the Mississippi legislature in section 13—3—63 indicates that it intended that personal service of process upon the addressee and no other is required. In the absence of express statutory authority to the contrary, we decline to assume that the Mississippi legislature intended to expand service of process in the case at bar by permitting delivery to the world at large of certified or registered mail which is designated to be delivered to the addressee only.

For the foregoing reasons, the judgment of the circuit court of Jackson County is reversed.

Reversed.

HARRISON, J., concurs.

JUSTICE JONES, dissenting:
I respectfully dissent.

The Mississippi statute in question here (Miss. Code Ann. sec. 13—3—57 (1972)) is the Mississippi equivalent of Illinois long-arm and substituted service of process statutes found in sections 2—208 and 2—209 of the Civil Practice Law (Ill. Rev. Stat. 1983, ch. 110, pars. 2—208, 2—209) and section 10—301 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 10—301). The standards for substituted service of process and for assurance of notice to a defendant found in the Illinois statutes, particularly section 10—301 of the Illinois Vehicle Code, are noticeably less stringent than the standards imposed by the Mississippi statute. Notwithstanding, the Illinois scheme affords notice to nonresident defendants that is sufficient to comply with due process requirements of both the Illinois and United States constitutions. In view of this, I fail to see why the majority applies an excessively stringent and overly technical interpretation to the Mississippi statute.

The majority states that they are strictly construing section 13—3—63 of the Mississippi Code. In doing so, they have read into that statute requirements that are not there.

Several presumptions are indulged in the area of the law regarding substituted service of process, and they are indulged in every jurisdiction. They are a necessity to prevent easy evasion of service of process by scofflaws. In the case under consideration, only the defendant testified that he had no notice of the Mississippi proceeding. Yet, the facts of the matter, as related by the majority, very strongly indicate that he *did* have notice. In any event, the procedure followed in this case would pass constitutional due process muster in any jurisdiction in the country, and, furthermore, is in compliance with the Mississippi statute in question.

The majority agrees that the Secretary of State of Mississippi sent a copy of the summons to defendant's address and that it *was* marked for restricted delivery. That is as far as the Mississippi statute goes in its requirements. It *does not* require that the letter that is mailed for restricted delivery be receipted for by the addressee and no other. The latter requirement was unnecessarily read into the statute by the majority. Illinois statutes do not require such, the Mississippi statute does not require it, the Mississippi cases do not require it and due process does not require it.

In this case, the person who signed the return receipt for registered mail, Rebecca Scherben, not only resided with the defendant and later married him but also served as corporate secretary for the corporation of which defendant was president and sole shareholder, the office of which corporation was located at the same address as the

residence she shared with defendant. As secretary of the corporation, she picked up mail for the corporation, and on the same day she signed not only the receipt for the registered letter addressed to defendant individually but also a receipt for a registered letter addressed to the corporation, both of which had emanated from the office of the Secretary of State of Mississippi. Receipt of the registered letter addressed to the defendant individually by a person in the position of Rebecca Scherben could reasonably be expected to provide the defendant with actual notice of the proceedings against him in Mississippi and an opportunity for him to be heard. Providing for service of process upon a defendant by the receipt of registered mail by a person in the position of Rebecca Scherben may be said to be reasonably calculated to give a defendant actual notice of proceedings against him and an opportunity to be heard. This procedure certainly accords with the requirements of reasonableness that are a part of court decisions on due process.