ILLINOIS CENTRAL GULF
RAILROAD COMPANY,
Plaintiff,

v.

Jay Charles HAMPTON, Defendant.

Civ. A. No. J86–0652(L).

United States District Court,
S.D. Mississippi,
Jackson Division.

Nov. 3, 1987.

Jerry Langford, Clifford K. Bailey, III, Jackson, Miss., for plaintiff.

Anita Mathews Stamps, Stamps & Stamps, Jackson, Miss., for Georgia Hampton.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of Georgia Hampton to set aside a default judgment entered by the court in this cause on June 12, 1987.[1] The motion is premised on an alleged lack of personal jurisdiction by this court over the named defendant, Jay Charles Hampton, who is now deceased. The movant is his widow. The motion has been timely responded to by plaintiff Illinois Central Gulf Railroad Company (ICGRR) and the court has considered the memoranda of authorities submitted by both Georgia Hampton and ICGRR.

On September 18, 1986, Jay Charles Hampton, a resident of Michigan, was involved in an intersectional collision with an ICGRR train at a railroad crossing near Flora, Mississippi. As a result of the colli-sion, the train derailed. Mr. Hampton was injured and was immediately transported to the University Medical Center in Jackson, Mississippi, where he remained until his death on October 9, 1986. Following the accident, but before Hampton's death, ICGRR instituted the present action against him seeking recovery based on his alleged negligence in causing the train derailment which resulted in damages to the property of plaintiff.

Upon filing the complaint, ICGRR attempted to serve process on Jay Charles Hampton pursuant to the provisions of the Mississippi nonresident motorist statute, Miss.Code Ann. § 13–3–63 (Supp.1986). Process was served on the Mississippi Secretary of State on September 24, 1986; the Secretary of State's office in turn mailed a copy of the summons and complaint by certified mail, return receipt requested, to Hampton's last known address, 14251 Corbett, Detroit, Michigan. Although the receipt for delivery was addressed to Jay Charles Hampton and marked restricted delivery, the defendant's wife, Georgia Hampton, received and signed the return receipt on October 6, 1986. Three days later, on October 9, 1986, Jay Charles Hampton died, not having left the State of Mississippi since the accident of September 18.

Although Georgia Hampton undisputedly received the summons and complaint, she took no action, and on June 12, 1987, a default judgment was entered by this court; at that time, an evidentiary hearing was scheduled for August 7, 1987. It was on the morning of the scheduled hearing that counsel for Georgia Hampton, Anita Stamps, appeared and presented to the court the motion to set aside entry of default.[2] The court reserved ruling on the

---

1. The motion is styled "Motion to Set Aside Entry of Default." At the time it was filed, however, default judgment had already been entered. Accordingly, the court treats the motion as one to set aside the default judgment and not merely to set aside entry of default.

2. It is uncontested that Mrs. Hampton and her counsel were aware of the present action. In fact, after the accident but long before the default judgment was entered, Mrs. Hampton had obtained Michigan counsel and local counsel, Anita Stamps, to represent her in a possible wrongful death action against ICGRR, as evidenced by a February 1987 letter to the railroad threatening suit if a settlement could not be reached. And, before the default judgment was entered, plaintiff gave notice to Georgia Hampton and her attorneys that a judgment by default was being sought. Despite that notice, neither she nor her counsel attempted to prevent entry of default and instead waited until

motion and proceeded with the hearing, at which counsel for Mrs. Hampton participated by cross examining plaintiff's witnesses on the issue of damages. After the hearing, a finding was entered in the amount of $1,814,686.00.

Mississippi's nonresident motorist statute provides in pertinent part that

the operation by a nonresident of a motor vehicle on any public street, road or highway of this state, or elsewhere in this state ... shall be deemed equivalent to an appointment by such nonresident of the secretary of state of the State of Mississippi to be his true and lawful attorney, upon whom may be served all lawful processes or summonses in any action or proceeding....

Under the statute, which provides the procedure for service of process, once service has been made upon the Secretary of State,

[n]otice of such service, together with a copy of the process or summons, shall be mailed forthwith as certified or registered mail, restricted for delivery to addressee only and with postage prepaid, by the secretary of state to each such nonresident defendant at his last known address....

It is the position of Georgia Hampton that process was not properly served on defendant Jay Charles Hampton, personally or by appropriate mail service, and that as a consequence, this court did not obtain personal jurisdiction over him.[3] ICGRR however submits that substituted service of process under the nonresident motorist statute was complete when made upon the Secretary of State, and that in any event, Georgia Hampton was a proper party to receive process for Jay Charles Hampton as his implied agent upon whom process could be served.

Plaintiff's apparent contention that service upon the Secretary of State is all that was necessary for valid service of process

is without merit. The Mississippi Supreme Court in *State Farm Mutual Automobile Insurance Company v. Stewart*, 209 So.2d 438, 439 (Miss.1968), observed that under the nonresident motorist statute, "it is not sufficient ... merely to serve summons upon the Secretary of State." Rather, the Secretary of State, once served, must take such additional steps to effectuate service as are provided by Section 13–3–63. Specifically, the summons and complaint must be mailed to the defendant by certified mail, return receipt requested, with delivery restricted to the addressee. The nonresident motorist statute, being in derogation of the common law, is required to be strictly construed. Its provisions must be followed to vest the court with jurisdiction over the defendant. *See Nationwide Mutual Insurance Company v. Tillman*, 249 Miss. 141, 161 So.2d 604, 611 (1964); *see also Stewart*, 209 So.2d 440. The service provisions of the statute are designed to insure that the defendant receive notice of the action against him, such notice being essential to due process. *Stewart*, 209 So. 2d at 440. Thus the intention of the nonresident motorist statute, from the perspective of the nonresident, is to insure that he has proper notice of the pending suit and a reasonable opportunity to defend himself. *Tillman*, 161 So.2d at 612. And in this regard, a defendant's signature acknowledging receipt of the summons and complaint serves as evidence of the fact that he has received notice of the pending lawsuit.

In the present case, the envelope containing the summons and complaint was stamped for delivery to the addressee, Jay Charles Hampton. Nevertheless, Georgia Hampton signed the receipt. Under these circumstances, service of process is ineffective *unless* the individual who in fact signed the return receipt, Georgia Hampton, did so as Jay Charles Hampton's agent for acceptance of service of process. The agency status by which one is authorized to

---

the judgment had been entered to take any action with regard to the default judgment.

**3.** One method of service of process which may be utilized under the nonresident motorist statute is personal service upon the defendant. There has been no indication by the plaintiff

that any attempt was made to personally serve Jay Charles Hampton despite the fact that he was at all times until his death present within the State of Mississippi at a location of which the plaintiff was fully aware.

receive process for another may be express or implied. However, the agency relationship, if one exists, must be for the specific purpose of receiving service of process. *See* 4A C. Wright & A. Miller, *Federal Practice and Procedure:* Civil 2d § 1097 (1987). Here, there is no factual basis for a determination that Georgia Hampton was authorized, expressly or impliedly, to accept process for the defendant.[4] Consequently, she was not a proper individual to receive service of process on behalf of Jay Charles Hampton, and service of process was therefore not valid.[5]

■ Plaintiff takes the position that even if service of process was insufficient, the defendant nevertheless waived objection to improper service by entering an appearance at the hearing on the issue of damages after the default judgment had been entered. While there may have been an appearance on behalf of Georgia Hampton, she is not a defendant in this action. Her only connection with this cause is that she is the widow of the deceased defendant. Not being a party, Georgia Hampton cannot, in the court's opinion, be held to have waived objections to service of process on behalf of Jay Charles Hampton.

The court recognizes that this cause of action survives the named defendant's death; it is nevertheless incumbent upon the plaintiff to serve process upon the decedent's legal representative or estate. There has been no showing that this has been done. Accordingly, for lack of process and jurisdiction, the judgment by default in this cause is void.

Accordingly, it is ordered that the judgment rendered by this court against Jay Charles Hampton on June 12, 1987 is set aside and declared to be of no force and effect.

---

**4.** A review of the return receipt suggests that Gloria Hampton was not acting as an agent of her husband when she signed the receipt. The receipt contains two separate signature lines—one for the addressee and another for an agent. Gloria Hampton signed not on the space for the signature of an agent but rather on the line marked "addressee."

**5.** Defendant relies on the doctrine of "substantial compliance" in support of its argument that even if service was not made in strict compliance with the nonresident motorist statute, it nevertheless was sufficient inasmuch as it substantially complied with the requirements of the statute. However, in the opinion of the court, the doctrine of substantial compliance may be utilized only in situations wherein there exist mere technical defects. *See, e.g., Nationwide Mutual Ins. Co. v. Tillman,* 249 Miss. 141, 161 So.2d 604 (1964) (service valid where original address was inaccurate but correct address was inserted before service on defendant and defendant did in fact receive process). Here, there was not just a technical deficiency, but rather a complete failure to serve the proper party. Accordingly, the doctrine of substantial compliance has no application.