**BANK OF MISSISSIPPI, Appellant,**

v.

**Frederick D. KNIGHT, Posie C. Knight, Malaco, Inc., a Mississippi Corporation, Couch & Madison, a Mississippi Partnership, Appellees.**

No. Civ.A. 3:98–CV–204BN.

United States Bankruptcy Court,
S.D. Mississippi,
Jackson Division.

July 7, 1998.

S. Dennis Joiner, Joiner & Polk, Jackson, MS, for Frederick D. Knight and Posie C. Knight.

A.L. Alvis, III, Riley, Ford, Caldwell & Cork, Tupelo, MS, Elias Lake Tolbert, Riley, Ford, Caldwell & Cork, Jackson, MS, for Bank of Mississippi.

Robert A. Malouf, Jackson, MS, for Malaco, Inc. and Couch & Madison.

Ronald McAlpin, Jackson, MS, trustee.

Robert G. Nichols, Jr., Jackson, MS, trustee.

### OPINION AND ORDER

BARBOUR, District Judge.

Bank of Mississippi filed this declaratory judgment action in the United States Bankruptcy Court for the Southern District of Mississippi seeking a determination that a 1995 default judgment entered in its favor was valid against the Debtor Frederick D. Knight. The bankruptcy court held that the Bank of Mississippi did not have a valid money judgment because the original 1988 default judgment was void for insufficient service of process and the 1995 action to renew the 1988 default judgment was also void. Bank of Mississippi filed an appeal in this Court.

Having considered the briefs of the parties and legal authorities, the Court finds as follows: (1) the 1998 default judgment was void for insufficient service of process because

Mississippi Rule of Civil Procedure 4(c)(5) requires "restricted delivery" service which means delivery to the actual defendant not his wife and (2) since the 1988 judgment was void for insufficient service of process, the 1995 action to renew the 1988 default judgment was also void because subsequent action cannot be taken on a void judgment. Thus, this Court affirms the decision of the bankruptcy court.

## I. BACKGROUND

In 1988, Bank of Mississippi ("the Bank") filed suit against Frederick D, Knight ("Mr. Knight") in the County Court of Forest County, Mississippi, for amounts he owed on a promissory note. At the time the Bank filed the lawsuit, Mr. Knight lived in Alabama. The Bank served process on Mr. Knight by mail pursuant to Mississippi Rule of Civil Procedure 4(c)(5) which requires "restricted delivery" service.

The Bank mailed Mr. Knight the summons and complaint by certified mail, return receipt requested. The Bank marked the summons and complaint for "restricted delivery" to Mr. Knight's home address in Birmingham, Alabama. The certified mail was delivered to Mr. Knight's home but Mrs. Knight received the mail and signed the return receipt card. Mr. Knight did not answer the complaint, and the Bank took a default judgment on July 6, 1998.

In 1995, the Bank filed suit against Mr. Knight to renew the 1988 judgment. Mr. Knight did not answer the second suit to renew the 1988 judgment and the Bank took another default judgment against him on August 22, 1995.

Mr. and Mrs. Knight filed for bankruptcy on January 13, 1997. The Bank attempted to enforce its 1995 judgment lien. The Bank commenced an adversary proceeding, seeking a declaration that its 1995 judgment was valid.

The United States Bankruptcy Court for the Southern District of Mississippi found that the Bank's 1988 default judgment against Mr. Knight was invalid because the Bank never effected proper service of process on Mr. Knight pursuant to Mississippi Rule of Civil Procedure 4(c)(5). The ruling of the bankruptcy court was based upon the fact that Mrs. Knight as opposed to Mr. Knight signed the return receipt card. The bankruptcy court interpreted the term "restricted delivery" to mean that process must be served upon the actual defendant in an action and not some other member in the household. The bankruptcy court held that since the 1988 judgment was void, the 1995 judgment which renewed the 1988 judgment was also void. Thus, the bankruptcy court declared that the Bank did not have a valid money judgment against Mr. Knight. The Bank appealed to this Court.

## II. JURISDICTION

Under 28 U.S.C. § 158(a)(1), this Court has jurisdiction "to hear appeals from final judgments, orders, and decrees ... of bankruptcy judges ..." This Court reviews the findings of fact of the bankruptcy court for clear error and applications of law by the bankruptcy court under the de novo standard. *In re Midland Indus. Service Corp.*, 35 F.3d 164 (5th Cir.1994).

## III. DISCUSSION

**A. Did the Bankruptcy Court Err in Finding that the 1988 Default Judgment was Void for Insufficient Service of Process?**

The Bank served Mr. Knight pursuant to Mississippi Rule of Civil Procedure 4(c)(5), it provides:

(5) Service by Certified Mail on Person Outside State. In addition to service by any other method provided by this rule, a summons may be served on a person outside this state by sending a copy of the summons and of the complaint to the person to be served by certified mail, return receipt requested. Where the defendant is a natural person, the envelope containing the summons and complaint shall be marked "restricted delivery." Service by this method shall be deemed complete as of the date of delivery as evidenced by the return receipt or by the returned envelope marked "Refused."

■ The Court agrees with the finding of the bankruptcy court and finds that the 1988 judgment was void for insufficient service of process. The "restricted delivery" language means delivery upon the actual defendant and not someone else in the household. Since the summons in the 1988 case was delivered to Mrs. Knight, as opposed to Mr. Knight, the 1988 judgment was void for insufficient service of process.

In a case involving similar facts but a different procedural rule, this Court held that service upon a defendant's wife was insufficient where the statute required restricted delivery service. In *Illinois Central Gulf Railroad v. Hampton*, 117 F.R.D. 588 (S.D.Miss.1987), Jay Charles Hampton was involved in an accident with an Illinois Central Gulf Railroad (ICGRR) train. ICGRR filed an action in this Court alleging negligence on the part of Jay Charles Hampton. Since Jay Charles Hampton was not a resident of Mississippi, the Mississippi nonresident motorist statute applied. It is found at Miss.Code Ann. § 13–3–63 and provides in pertinent part that

> [n]otice of such service, together with a copy of the process or summons, shall be mailed forthwith as certified or registered mail, restricted for delivery to addressee only and with postage prepaid, by the secretary of state to each such nonresident defendant at his last known address ...

ICGRR served a summons and a complaint that were stamped for delivery to Jay Charles Hampton. However, Georgia Hampton received the summons and complaint and signed the receipt card. This Court held, that "service of process is ineffective unless the individual who in fact signed the return receipt, Georgia Hampton, did so as Jay Charles Hampton's agent for acceptance of service of process. The agency status by which one is authorized to receive process for another may be express or implied." *Hampton*, 117 F.R.D. at 590. This Court further stated that Georgia Hampton "was not a proper individual to receive service of process on behalf of Jay Charles Hampton, and service of process was therefore not valid." *Id.* at 591.

Rule 4(c)(5), like the Mississippi nonresident motorist statute, requires restricted delivery. Similar to the Plaintiff in *Hampton*, the Plaintiff in this case served the Defendant's wife as opposed to the actual Defendant. Therefore, this Court holds that the service of process in this case was invalid because restricted delivery means delivery to the actual defendant, not his wife. *See also United States v. Tra*, 1994 WL 321200 at *3 (E.D.La.1994) (recognizing that the term "restricted delivery" means delivery only to the addressee or to the addressee's agent authorized to receive mail on behalf of the addressee); *Lake Oswego Review, Inc. v. Steinkamp*, 298 Or. 607, 695 P.2d 565 (1985).

In support of its argument, the Bank cites an opinion written by the undersigned in the case of *Wesley v. Miss. Transp. Comm'n*, 857 F.Supp. 523 (S.D.Miss.1994). In *Wesley*, this Court found that the plaintiff had effected proper service under the Mississippi nonresident motorist statute even though the actual defendant did not receive the summons and complaint. However, *Wesley* can be distinguished from the facts of this case. In *Wesley*, the defendant had actual notice of the suit whereas in this case, there is no evidence that Mr. Knight had actual notice of the 1988 default judgment.

## B. Did the Bankruptcy Court Err in Finding that the 1995 Action to Renew the 1988 Default Judgment was Void?

■ The Bank next argues that Mr. Knight was obligated to raise his void judgment argument as an affirmative defense in the 1995 action by the Bank. The Bank argues foreign authority to support its point. However, the Mississippi Supreme Court has held that "[a] void judgment, of course, can furnish no basis for any subsequent action ..." *Southern Trucking Service, Inc. v. Mississippi Sand and Gravel, Inc.*, 483 So.2d 321, 324 (Miss.1986). This Court has already found that the 1988 default judgment was void for insufficient service of process. Accordingly, the Court finds that any action to renew the void 1988 judgment is also void.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that the decision of the bankruptcy court be affirmed.

IT IS FURTHER ORDERED that the appeal filed by the Bank of Mississippi be dismissed.