362 So.2d 1253 (1978)
GULF NATIONAL BANK
v.
George H. KING, a/k/a Harold H. King and Elna M. King, a/k/a Elna N. King.
No. 50688.
Supreme Court of Mississippi.
October 4, 1978.
Mize, Thompson & Blass, John C. Ellis, Gulfport, for appellant.
*1254 White & Morse, George M. Morse, Gulfport, Vlahos & Caranna, Matt G. Lyons, Biloxi, for appellees.
Before PATTERSON, C.J., and SUGG and BOWLING, JJ.
SUGG, Justice, for the Court:
This appeal is from a judgment of the Circuit Court of Harrison County holding plaintiff's suit was barred by the statute of limitations. We affirm.
On March 29, 1974, defendants executed a promissory note to plaintiff in the amount of $13,228.20 secured by a deed of trust on real property owned by the defendants. Defendants defaulted, the deed of trust was foreclosed on August 28, 1975, plaintiff purchased the property for $750 at the foreclosure sale and credited this amount toward reduction of the note. Plaintiff filed suit against the defendants for a deficiency judgment on May 24, 1977 and the defendants, who were then residents of Houston, Texas, were sued under section 13-3-57 Mississippi Code Annotated (1972), the "Long Arm Statute."
The defendants each filed an answer and set forth separately in each answer the defense that the cause of action was barred by the one year statute of limitations contained in section 15-1-23 Mississippi Code Annotated (1972). Defendants then moved that the matter separately set up in their answers be heard and disposed of before the principal trial of the cause as authorized by section 11-7-59 Mississippi Code Annotated (1972).
Plaintiff filed its replication to the answer of the defendants and asserted that both defendants were absent from and residing out of the State of Mississippi, thereby invoking the provisions of Section 15-1-63, Mississippi Code Annotated (1972), which tolls the statute of limitations while defendants are absent from the state.
The question is whether the statute of limitations was tolled by the long arm statute (Section 13-3-57). We have not passed on this question, but have adhered to the rule since 1859 that a defendant's absence from the state does not toll a statute of limitations if defendant may be served with process and is amenable to suit.
In French v. Davis, 38 Miss. 218 (1859), one of the questions before the Court was whether the period of the absence of the defendant from the state was to be deducted from the time of the running of the statute of limitations there involved. The Court, in holding that the statute of limitations was not tolled, stated:
The reason on which the exception of the time of the defendant's absence from the State, from the running of the statute, depends, is, that during such absence the plaintiff has been prevented from pursuing his remedy to recover his debt, and in order to protect the rights of the plaintiff when his failure to sue has been occasioned by the act of the defendant. But still the policy of statutes of limitation is to promote diligence, and to discountenance delays in bringing suits, and to allow no indulgence to the failure of parties to bring their actions, except where their right to do so has been prevented by the conduct of the defendant, or certain disability of the parties suing. Hence, if the right to sue, be, according to the due course of law, open and available to the plaintiff, so as to enable him effectually to assert his right by suit, he will not be excused for his failure to sue, and will not be entitled to the benefit of an alleged exception to the time of the running of the statute.
It is clear that the Statute of 1852, provided a mode by which the plaintiff could prosecute his suit, notwithstanding the absence of the defendant from the State. It enabled the plaintiff to sue and obtain his judgment against the administrator, to be levied of the assets of the estate in his hands, as effectually as he could have done if the administrator had been in this State, and personally served with process. (38 Miss. at 225)
In Dent v. Jones et al., 50 Miss. 265 (1874) we held that diligence in the commencement of suits is necessary, and if process can be served, absence from the state *1255 should not be deducted to save the bar of the statute. Later cases follow the rule.
A majority of courts in other jurisdictions, when confronted with the question presented in this case, have refused to give effect to a tolling statute where a defendant claims the benefit of a statute of limitations and is amenable to suit under a long arm statute. 55 A.L.R.3rd 1163 (1974) These courts hold that tolling a statute of limitations where the defendant is amenable to suit and may be served with process would frustrate the purpose of long arm statutes. 55 A.L.R.3rd 1187 (1974).
Section 13-3-57 Mississippi Code Annotated (1972) provides a method for suing a non-resident defendant and obtaining process on him. If a plaintiff can obtain process on a non-resident defendant, in a suit filed under the long arm statute, he will not be excused for his failure to sue and will not be entitled to claim that the statute of limitations is tolled during the absence of the defendant from the state. Stated differently, section 15-1-63 Mississippi Code Annotated (1972) does not toll the statute of limitations in such cases.
Plaintiff argues, however, that the burden of proof rests on the non-resident defendant to prove that he was amenable to process during his absence from the state. As a practical matter, the rule urged by plaintiff would require a non-resident defendant to prove that the plaintiff knew defendant's address so that process could be served on him in accord with Section 13-3-63 Mississippi Code Annotated (1972). We do not agree that this is the proper rule.
When a defendant pleads a statute of limitations as a defense and shows that the suit is barred by limitations, he has met his burden of proof. If the plaintiff claims his suit is not barred by a statute of limitations because the statute was tolled by the defendant's absence from the state, the burden is on him to show the duration of defendant's absence. The burden is also on the plaintiff to show that defendant cannot be served with process under any of the ways provided by statute for service of process on a person who is absent from the state.
This suit was filed under our long arm statute (Section 13-3-57) which requires that process be served in accordance with section 13-3-63 Mississippi Code Annotated (1972). When process is served on the secretary of state as authorized by 13-3-63, service is not complete until the secretary of state mails, by certified or registered mail, to the defendant notice that the summons has been served on him. State Farm Mutual Automobile Insurance Company v. Stewart, 209 So.2d 438 (Miss. 1968). Plaintiff argues that it could not file suit until the address of the defendants could be ascertained and they could furnish the secretary of state with defendants' address. It therefore contends that the statute of limitations should be tolled.
The record is devoid of any proof that plaintiff did not know where the defendants were. To the contrary, the allegations in the declaration and defendants' answers to interrogatories indicate that plaintiff knew where the defendants were. Defendants stated in their answers to plaintiff's interrogatories that one of the defendants moved to Houston, Texas in August, 1974, the other defendant moved to the same city in December, 1974, and both have resided there continuously since that time. Plaintiff's declaration and exhibits show defendants' note was for $13,228.20 payable in sixty equal monthly installments, the first installment of $220.47 was due May 10, 1974, and when suit was filed the balance due on the note was $9,591.90. The balance included late charges and allowed a credit of $750 from the foreclosure sale. From the above information we deduce that defendants made thirteen monthly payments on the note making default occur on the July 10, 1975 installment.
The declaration charges, "The said note was not paid, demand having been made for payment of same ..." If demand was made on defendants after they defaulted, then the demand could not have been made until after default of the July, 1975 installment. It naturally follows that *1256 plaintiff had to know where the defendants were to make the demand for payment, so the plaintiff must have known defendants were in Houston, Texas.
So far as this record is concerned, plaintiff could have filed its suit any time after the foreclosure on August 28, 1975, but delayed filing suit until the statute of limitations had barred its action. We therefore affirm.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.