Mrs. Mary R. Stingley WESLEY, individually, and as Administratrix of the Estate of Ronald E. Wesley, Deceased and Rani DeJesus Scott Wesley, a Minor, By and Through Mrs. Mary R. Stingley Wesley, Her Natural Mother and Next Friend, Plaintiffs,

v.

MISSISSIPPI TRANSPORTATION COMMISSION; Mississippi Department of Transportation; Fruehauf Trailer Corporation; Fruehauf International Ltd.; Terex Corporation; Merchants Dutch Express, Inc.; Roger Don Roberts and Does 1–10, Defendants.

Civ. A. No. 3:94–cv–253BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

July 19, 1994.

---

er, Walker & Green, Jackson, MS, for Mary R. Stingley Wesley.

Charlene R. Pierce, Office of the Atty. Gen., Mississippi Transp. Com'n, Jackson, MS, for Mississippi Transp. Com'n, Mississippi Dept. of Transp.

William N. Reed, Watkins, Ludlam & Stennis, Jackson, MS, for Fruehauf Trailer Corp., Fruehauf Intern. Ltd., Terex Corp.

James E. Welch, Jr., Daniel, Coker, Horton & Bell, Jackson, MS, for Merchants Dutch Express, Inc., Roger Don Roberts.

## OPINION AND ORDER

BARBOUR, Chief Judge.

This cause is before the Court on the following motions: (1) Plaintiff's Motion for Remand; (2) Motion to Dismiss of Defendants Mississippi Transportation Commission and Mississippi Department of Transportation ("the State Defendants"); (3) Motion to Dismiss of Defendant Roger Don Roberts ("Roberts"); and (4) Motion to Dismiss of Defendant Terex Corporation ("Terex"). Having considered the Motions, the responses, all attachments, and supporting and opposing memoranda, the Court finds that (1) the Motion to Remand is not well taken and should be denied; (2) the Motion to Dismiss of the State Defendants is well taken and should be granted; (3) the Motion to Dismiss of Defendant Roberts is not well taken and should be denied; and (4) the Motion to Dismiss of Defendant Terex is not well taken and should be denied.

### I. *Background*

On April 4, 1991, the automobile driven by Plaintiffs' decedent, Ronald E. Wesley ("Wesley"), collided into the rear of a tractor trailer driven by Defendant Roberts on Highway 49 in Richland, Mississippi, and as a result, Wesley was killed. On April 1, 1994, Plaintiffs filed suit in the First Judicial District of the Circuit Court of Hinds County, Mississippi, against the Defendants. Plaintiffs allege that the State Defendants are liable to them because Highway 49 at the scene of the collision was negligently designed and did not have reasonably prudent signs and warnings. Plaintiffs allege that

Judy M. Guice, Paul S. Minor, Minor & Guice, Biloxi, MS, John L. Walker, Jr., Walk-

Fruehauf Trailer Corporation ("Fruehauf") is liable to them because the trailer into which Wesley's automobile collided was negligently designed, manufactured and distributed by Fruehauf.[1] The Plaintiffs assert claims against Terex based upon its alleged status as the parent company of Defendant Fruehauf and its negligent failure to provide reasonably prudent and careful safety management services to Fruehauf. Plaintiffs allege that Roberts, the driver, negligently operated the tractor trailer into which Wesley collided. Finally, Plaintiffs allege that Merchants Dutch Express ("Merchants"), as the employer of Roberts, is liable to them for negligently failing to properly train, manage and supervise Roberts. As a result of the allegations set forth above, Plaintiffs claim that the named Defendants proximately caused or contributed to the death of Wesley.

On May 3, 1994, five of the seven Defendants filed a Notice of Removal and removed the action to this Court, pursuant to 28 U.S.C. § 1441, based upon diversity of citizenship under 28 U.S.C. § 1332. The State Defendants did not join in the petition for removal and have not joined in that petition to date.

## II. *Motion for Remand*

Plaintiffs assert that because all Defendants did not join in the petition for removal that this case must be remanded to state court. Plaintiffs also assert that the State Defendants are properly joined in this matter, and that Plaintiffs have a possibility of recovery against such Defendants. Defendants Terex and Fruehauf assert that a state is not a citizen for purposes of diversity of citizenship, and therefore complete diversity exists between the Plaintiffs and Defendants. These Defendants also assert that the State Defendants, as alter egos of the State of

Mississippi, cannot invoke diversity jurisdiction, nor can they remove a case on that basis. Defendants Roberts and Merchants responded[2] to the Motion for Remand by agreeing with the arguments of Defendants Terex and Fruehauf and asserting that the State Defendants were not properly joined because they were immune from suit at the time the Plaintiffs' cause of action accrued. To decide the Motion for Remand, the Court need only determine whether the State Defendants are entitled to sovereign immunity and will therefore not address the other arguments asserted by the Defendants.

Generally, all defendants in a cause of action must join in a petition for removal. *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen and Assistants' Local 349,* 427 F.2d 325, 326–27 (5th Cir.1970). This general rule is limited by the fact that only those defendants who are properly joined and served are required to join in the petition for removal. *Getty Oil Corp. v. Insurance Co. of North America,* 841 F.2d 1254, 1262 (5th Cir.1988) (citations omitted). The removing Defendants have the burden of proving that the State Defendants are not proper parties to this suit: "The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the instate defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Green v. Amerada Hess Corp.,* 707 F.2d 201, 205 (5th Cir.1983), *cert. denied,* 464 U.S. 1039, 104 S.Ct. 701, 79 L.Ed.2d 166 (1984).

In determining whether remand is appropriate th[e] court must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of

1. Plaintiffs originally asserted this same claim against Fruehauf International Ltd. ("International"). International filed a Motion to Dismiss on May 10, 1994. Although initially opposing this Motion, Plaintiffs withdrew their opposition, and on June 20, 1994, the Court entered a Judgment of Dismissal with Prejudice as to Defendant International.

2. The Court notes that in several submissions to the Court in this matter, counsel for Defendants Roberts and Merchants has submitted a letter

memorandum to the Court in lieu of a formal response with supporting memorandum of authorities as required by Rule 8(d) of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi. The Court cautions counsel that these letters are not a part of the record in this matter because they were not filed with the Clerk of Court. The Court further cautions counsel that in the future, counsel should comply with Rule 8(d) in its submissions to this Court.

the plaintiff.... In addition, any uncertainties in controlling substantive law must be resolved in favor of the plaintiff.... Applying these rubrics, the court may find fraudulent joinder only if it concludes that the plaintiff has no possibility of establishing a valid cause of action against the in-state defendant.

*Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir.1989) (citations omitted).

For the purposes of this Motion, the parties have not presented any disputed issues of fact. The only dispute concerns whether the State Defendants are immune from suit.[3] Plaintiffs assert that under Mississippi law, the State Defendants are not entitled to sovereign immunity. To the contrary, Defendants Roberts and Merchants assert that the State Defendants are entitled to sovereign immunity and were as of the time when this cause of action accrued.[4]

In *Pruett v. City of Rosedale*, 421 So.2d 1046, 1052–53 (Miss.1982) (en banc), the Mississippi Supreme Court abolished the judicial doctrine of sovereign immunity which had long protected the state government from suit.[5] Because this decision was such a radical change in the law, and in order to give the legislature time to resolve the problems that the abrogation of sovereign immunity would create, the *Pruett* court ruled that the abolition of the judicial doctrine of sovereign immunity would be prospective only and would not take effect until July 1, 1984. *Id.* at 1052.

In response to *Pruett*, the Mississippi legislature enacted the Mississippi Sovereign Immunity Act of 1984. Sovereign Immunity Act, ch. 495, 1984 Miss. Laws 640 (codified as Miss.Code Ann. § 11–46–1 to –21 (Supp. 1984)). The Act provided that the State and its departments and agencies would general-

ly be immune from tort liability effective July 1, 1985, and that the political subdivisions of the State would have that same immunity effective October 1, 1985. *Id.* § 2. The Act specifically waived the immunity of the State and its political subdivisions for claims arising from torts committed by governmental entities or their employees acting within the course and scope of their employment. *Id.* § 3. The Act also mandated that its provisions would apply only to claims accruing on or after July 1, 1985, as to the State, and on or after October 1, 1985, as to political subdivisions. *Id.* § 4. Any claims accruing prior to those dates were to be governed by pre-*Pruett* law regarding sovereign immunity. *Id.* This Act did not take effect until after 1993 because each successive legislature moved the effective dates of the Act forward to the next year, and with each reenactment of the Act, the legislature provided that pre-*Pruett* law should govern any claims arising prior to the effective date of the Act.

The constitutionality of the Sovereign Immunity Act was challenged by the plaintiffs in *Presley v. Mississippi State Highway Comm'n*, 608 So.2d 1288 (Miss.1992). The *Presley* court held "the portion of the ... Act requiring the courts of this state in determining sovereign immunity to apply case law as it existed ... on November 10, 1982,[6] unconstitutional and void." *Id.* at 1296. As in *Pruett*, the court once again concluded that the responsibility for determining the extent of sovereign immunity rests with the legislature:

> There are many sound reasons why an immunity granted the state or political subdivision should come solely from Legislative enactment. Sovereign immunity is a matter of public policy and our Legislature determines what is in the public inter-

---

**3.** As stated previously, the parties dispute other issues of law, but the sovereign immunity issue is the only issue which the Court need to determine in order to decide the Motion for Remand.

**4.** Defendants Terex and Fruehauf did not address the sovereign immunity issue in their response to the Motion to Remand. The state Defendants have filed a Motion to Dismiss in which they assert in detail why they are entitled to sovereign immunity. The Court has considered all of the arguments by all parties in making the determi-

nation that the State Defendants are entitled to sovereign immunity.

**5.** Sovereign immunity is "that doctrine under which the sovereign, be it country, state, county or municipality may not be sued without its consent." *Davis v. Little*, 362 So.2d 642, 643 (Miss.1978).

**6.** November 10, 1982, is the date of the *Pruett* decision.

est.... In the granting or withholding of sovereign immunity, there are gradations, competing interests to balance, that of fairness to our citizens and proper functions of state government, and which can only be accomplished by statutory law.

*Id.* at 1291 (citations omitted). Unlike *Pruett,* the *Presley* court did not delay the effective date of its mandate, and did not definitively decide whether the holding in *Presley* should be applied prospectively or retroactively. A plurality of the court, in a four to three decision, concluded that the *Presley* holding would be applied prospectively. *Id.* at 1298. The plurality also concluded that the common law as it continuously evolves should be applied to those causes of action arising after *Pruett:*

> To the extent that Miss.Code Ann. § 11–46–6 purports to freeze the doctrine of sovereign immunity to the state of development of the common law prior to *Pruett,* it is void. We deem it only a sufficient pronouncement of the public policy of this State to immunize the State from claims arising thereafter to the extent that this Court would do so applying the evolving standards of common law, including any extensions or contractions of the doctrine deemed appropriate, on a case by case basis and to the extent that those benefitting by the immunity did not prepare themselves by acquiring insurance policies covering the liability in question in the event that immunity did not obtain.

*Id.* at 1301. This declaration of prospectivity, therefore, carved out an exception for defendants who had acquired insurance to cover their possible tort liability. *Id.*

As a result of the holding in *Presley,* the Mississippi legislature met in a special session in September, 1992, and enacted a temporary statute to replace the Sovereign Immunity Act which had been declared void by *Presley.* 1993 Miss. Laws ch. 3, sec. 1 (extraordinary session). Finally, in 1993, the

legislature enacted amendments to the Sovereign Immunity Act which are currently in force today. *See* Miss.Code Ann. § 11–46–1 *et seq.* (Supp.1993). Because the claims of the Plaintiffs in this action arose on April 4, 1991, post-*Pruett* and pre-*Presley,* the provisions of the current Sovereign Immunity Act are not applicable to this case.

Since *Presley,* several cases have addressed the issue of sovereign immunity, none of which have squarely answered the question whether the holding in *Presley* should be applied prospectively. However, the holdings in these subsequent cases have, in effect, prospectively applied the *Presley* holding. In *Lee County Bd. of Supervisors v. Fortune,* 611 So.2d 927, 930 (Miss.1992), the court held that in view of the holding in *Presley* that the State should be immunized from tort claims in accordance with evolving standards of common law, the case should be remanded to the trial court for further consideration.[7] The court made no decision concerning the prospective or retroactive application of the holding in *Presley,* but merely remanded the case for further proceedings in light of the *Presley* holding. *Id.* at 930.

In a subsequent case, Justice McRae, writing for the *en banc* court, discussed the plurality decision in *Presley* concerning prospective application of the holding. *Churchill v. Pearl River Basin Dev. Dist.,* 619 So.2d 900, 904–06 (Miss.1993). In that discussion, the court stated that because the holding regarding prospectivity was only a plurality decision, that aspect of *Presley* has no precedential value. *Id.* at 904–05. The Court notes, however, that the *Churchill* court applied pre-*Pruett* case law because the injury occurred prior to *Pruett.* *Id.* at 904. Therefore, the discussion of *Presley* was not necessary to the holding in that case. *See id.* at 907 (Banks, J., concurring) (concluding that because the accident occurred prior to *Pruett,* Miss.Code Ann. § 11–46–6 and the

---

7. The Mississippi Supreme Court noted that the reason the trial court denied sovereign immunity to the board of supervisors was because the board breached a duty placed upon it by Miss. Code Ann. § 65–21–1 (1972), a statute dealing with the proper way to build culverts and bridges. *Id.* at 928. Because sovereign immuni-

ty was denied on this basis, the case is not determinative of the instant case which turns on whether the state Defendants are entitled to common law sovereign immunity. The parties have not made the Court aware of any statute in this case imposing a duty upon the State Defendants which duty been breached by those Defendants.

treatment of that section in *Presley* have "no relevance whatever to this case").

In *Rector v. Mississippi State Highway Comm'n*, 623 So.2d 975, 977 (Miss.1993), the court again addressed the effect of *Presley*. In that case, the plaintiffs "attack[ed] the manner in which the legislature responded to *Pruett* ... on constitutional grounds." Relying on *Presley*, the court remanded the case for further consideration in light of the holding in *Presley* finding a portion of the statute to be unconstitutional. *Id.* at 977. Specifically, the court concluded as follows:

> It is appropriate then that we reverse the order of the trial court granting summary judgment to the highway commission and remand this matter to that court for further consideration in light of subsequent developments in the area of sovereign immunity.

*Id.* Thus, even though the court did not conclude that *Presley* should be applied prospectively, in effect, the remand to the state court to reconsider its grant of summary judgment to the Highway Commission in light of "subsequent developments in the area of sovereign immunity" was a prospective application of *Presley*. Plaintiffs here assert that the action of the *Rector* court in remanding the case to state court for further proceedings was in effect a retroactive application of *Presley*, apparently because the *Rector* court did not simply reverse the trial court. This argument is without merit, however, because the decision of the trial court was based upon the unconstitutional statute, not common law sovereign immunity. The *Rector* court was simply remanding the case for the trial court to determine whether common law sovereign immunity was appropriate under the circumstances in light of *Presley*.

Shortly after the decision in *Rector*, the Mississippi Supreme Court again addressed *Presley* in *Morgan v. City of Ruleville*, 627 So.2d 275 (1993). The court held that assuming a plurality in *Presley* voted for prospective application of that holding, such a vote has no precedential value. *Id.* at 278. The *Morgan* court did not, however, take the next step and address whether *Presley* should be applied prospectively. The court simply held that the trial judge should have applied the

law as it existed before *Pruett* to a claim arising in 1987, post-*Pruett* and pre-*Presley*. *Id.* at 279. In a concurring opinion, Justice McRae faulted the majority for basing its decision on pre-*Pruett* case law, basing his decision on the fact that city employees engaged in a proprietary function are not entitled to immunity. *Id.* at 282. In a short concurrence, Justice Banks reiterated his position that "[t]he common law of sovereign immunity, whether established before *Pruett* or evolving after *Pruett*, dictates the result reached today."

In the most recent pronouncement by the Mississippi Supreme Court on the issue of sovereign immunity, the court did not address whether the holding in *Presley* should be applied prospectively or retroactively, yet the holding of the court was, in effect, a prospective application of *Presley*. *Coplin v. Francis*, 631 So.2d 752, 755 (Miss.1994) (en banc). In a terse, two sentence paragraph, the court held as follows:

> As to Monroe County, we note that the accident occurred September 20, 1985, following the enactment of Ch. 474, Laws 1985, § 12, Miss.Code Ann. § 11–46–1, *et seq.* (Supp.1985). Monroe County on that date enjoyed sovereign immunity. *Presley v. Mississippi State Highway Commission*, 608 So.2d 1288, 1300–1301 (Miss. 1992).

*Id.* at 755. The portion of the *Presley* opinion to which the *Coplin* court cites is the plurality opinion that *Presley* should be applied prospectively. In a spirited dissent, Justice McRae faulted the majority for applying *Presley* prospectively and stated his continuing argument that *Presley* should be applied retroactively. *Id.* at 757.

Finally, in *Newsom v. Stanciel*, 850 F.Supp. 507 (N.D.Miss.1994), Chief Judge L.T. Senter addressed the issue of sovereign immunity in Mississippi and its "tremulous existence" since the *Pruett* decision. Noting that the plaintiff's cause of action arose on or about May 4, 1991, prior to *Presley*, yet subsequent to *Pruett*, the court held that the case arose under the same law as *Morgan*: "Since the *Morgan* decision held that sovereign immunity was not waived, then the Sovereign Immunity Act applicable at the time

of the incidents giving rise to *Morgan,* although subsequently found unconstitutional in *Presley,* barred the plaintiff's cause of action." *Id.* While this Court interprets the *Morgan* decision somewhat differently,[8] this minor difference does not change the outcome of this case.

■ Having considered the applicable case law on this subject, the Court finds that the State Defendants are entitled to sovereign immunity in this case. The cause of action in this matter accrued on April 4, 1991. This date is significant because it is after the *Pruett* decision, yet before the decision in *Presley.* As such, this case is similar to *Coplin* where the plaintiffs' claims arose post-*Pruett* and pre-*Presley.* While the Mississippi Supreme Court has not declared that it is applying the *Presley* decision prospectively, in effect, that is exactly what has been occurring in cases decided since *Presley.* The Court is especially convinced by the short holding in *Coplin* declaring that the defendant enjoyed sovereign immunity without any discussion of the cases which have been decided since *Presley.* The Court finds that under Mississippi law, the State Defendants enjoyed common law sovereign immunity on April 4, 1991, and are therefore immune from suit. Because the State Defendants are immune from suit, the Plaintiffs have no possibility of recovery from those Defendants in state court. Therefore, the Motion to Remand should be denied.

### III. *Motion to Dismiss of the State Defendants*

The State Defendants have filed a Motion to Dismiss alleging that they are entitled to sovereign immunity in this action. Plaintiffs assert the same arguments with regard to this Motion as they did concerning their Motion for Remand alleging that the State Defendants did not enjoy sovereign immunity on the date their cause of action accrued. Plaintiffs further assert that Miss.Code Ann. § 65–1–5 (Supp.1993) allows this suit because it states that "[t]he Mississippi Transportation Commission shall be a body corporate

and as such may sue and be sued, plead and be impleaded, in any court of justice having jurisdiction of the subject matter of any such suit."

■ The Court must first determine whether it has jurisdiction to consider this Motion since the State Defendants did not join in the petition for removal and have not otherwise entered an appearance in this matter except for the filing of the current Motion. In a similar case, Judge Tom S. Lee held that the defendant's failure to join in the petition for removal did not preclude this Court from considering his motion to dismiss:

> [W]here a case has been removed from state court, the federal court clearly has jurisdiction to determine whether the removal was proper; that is, the court has jurisdiction to determine whether the resident defendant was indeed improperly or fraudulently joined which necessarily involves consideration of whether the plaintiff's allegations against that defendant are legally viable. Accordingly, this court has jurisdiction to consider [defendant's] motion to dismiss. . . .

*Moore v. Interstate Fire Ins. Co.,* 717 F.Supp. 1193, 1195 (S.D.Miss.1989). Similarly, this Court has jurisdiction to determine whether the Plaintiffs have any possibility of recovering from the State Defendants. If no such possibility exists, then the State Defendants were not properly joined. As stated in *Moore,* the Court thus also has jurisdiction to determine the State Defendants Motion to Dismiss.

■ For the reasons set forth in Part II. of this opinion, the Court finds that the State Defendants are entitled to sovereign immunity and that their Motion to Dismiss should be granted. Plaintiffs argument that Miss.Code Ann. § 65–1–5 (Supp.1993) subjects the State Defendants to suit for tort liability is without merit. The portion of the statute containing the "may sue or be sued" language was enacted in 1992 and became effective from and after July 1, 1992, after the accrual of

---

**8.** *See supra* at 11–12 noting Justice Banks' concurrence that the common law of sovereign immunity as it existed on the date the cause of

action arose dictated the result reached in *Morgan.*

the Plaintiffs' cause of action. It is therefore not applicable to this case. The State Defendants Motion to Dismiss is therefore granted.

### IV. *Motion to Dismiss of Defendant Roberts*

Roberts asserts that he should be dismissed from this suit because he has not been properly served in this action. Roberts alleges that Plaintiffs attempted to serve him through the office of the Secretary of State of Mississippi by addressing a registered letter to him at 6822 Williams Road, Keithville, Louisiana. The letter was delivered to this address, and the return receipt bears the signature of Michell Halls. Roberts asserts that he does not live at the Williams Road address and that he has not authorized Halls to accept service of process on his behalf.

Plaintiffs assert that Roberts failed to challenge service of process in his removal petition to this Court and that he has thus waived this objection. Plaintiffs further assert that Miss.Code Ann. § 13–3–63 (Supp. 1993) governs the proper form of service upon a nonresident motorist and that they have complied with the requirements of this statute by serving process on the Secretary of State.

█ The Court finds that Roberts was not required to preserve his objection to service of process prior to removal to this Court. A defendant does not waive objections simply by not raising them before removing a case to federal court. *See Lambert v. Kysar,* 983 F.2d 1110, 1113 n. 2 (1st Cir.1993) (the filing of a removal petition in a diversity action does not waive the right to object in federal court to the state court venue); *Baumgart v. Fairchild Aircraft Corp.,* 981 F.2d 824, 835 (5th Cir.) (removal of a wrongful death case from state court did not estop the defendant from later moving to dismiss or transfer the case to another forum), *cert. denied,* —— U.S. ——, 113 S.Ct. 2963, 125 L.Ed.2d 663 (1993); *Ditkof v. Owens–Illinois, Inc.,* 114 F.R.D. 104, 105 (E.D.Mich.1987) (concluding that removal does not waive an objection to service of process). The Court therefore finds that Roberts did not waive his objection to service of process simply by joining in the removal petition to this Court.

█ The next issue is whether Roberts was properly served pursuant to Miss.Code Ann. § 13–3–63 (Supp.1993) which governs service of process to a nonresident motorist and provides, in part, as follows:

> Service of such process or summons shall be made by the sheriff of Hinds County, upon prepayment of the fees to which he is entitled by law, by serving two (2) copies of the process or summons for each nonresident defendant ... on the Secretary. of State or by leaving two (2) copies of said process or summons with the fee in the office of the Secretary of State, and *such service shall be service upon said nonresident defendant with the same force and effect as if such nonresident had been personally served with such process or summons within the State of Mississippi....* Notice of such service, together with a copy of the process or summons, shall be mailed forthwith as certified or registered mail, restricted for delivery to addressee only and with postage prepaid, by the Secretary of State to each such nonresident defendant at his last known address, which shall be written on the process or summons upon the issuance thereof by the clerk of the court wherein the action is pending, *or notice of such service and copy of process or summons actually shall be delivered to the said defendant.*

Miss.Code Ann. § 13–3–63 (Supp.1993) (emphasis added). This statute has been interpreted by the Mississippi Supreme Court:

> When process is served on the secretary of state as authorized by 13–3–63, service is not complete until the secretary of state mails, by certified or registered mail, to the defendant notice that the summons has been served on him.

*Gulf Nat'l Bank v. King,* 362 So.2d 1253, 1255 (Miss.1978) (citation omitted).

In this case, Plaintiffs served process on the Secretary of State as authorized by the statute. Plaintiffs provided the address given by Roberts to law enforcement officials on the date of the accident which gave rise to this cause of action, almost three years prior to the filing of this lawsuit. Contrary to Roberts' assertion that there is no proof that

the Secretary of State complied with the mailing requirement, the return receipt attached to Roberts' Motion to Dismiss constitutes such proof. *See* Exhibit A, attached to the Motion to Dismiss. This receipt shows that a parcel was sent to Roberts from the Office of the Secretary of State and that such parcel was received by one Michell Halls on April 7, 1994. This parcel was obviously the summons and complaint served upon the Secretary of State by the Plaintiffs. Roberts has offered no other explanation for what such a parcel might have been or why the Secretary of State for the State of Mississippi would have sent him anything other than the summons and complaint in this action. The Court therefore finds that the Plaintiffs and the Secretary of State complied with the statute such that Roberts was properly served. The statute and the cases interpreting it do not require proof that Roberts actually received the summons and complaint. They only require proof that the Secretary of State mailed the summons and complaint, by certified mail, to the Defendant.[9] The Court finds that this requirement has been met in this case.

■ Alternatively, the statute requires that notice of service of process on the Secretary of State be actually delivered to the Defendant. While Roberts has not conceded that he has received a copy of the summons and complaint, he certainly has actual notice of this suit, the basis of the suit and the other Defendants in this action. *See* Memorandum Brief of Roberts in Support of Motion to Dismiss which contains this information. Because the Court finds that Roberts has actual notice of this suit, his Motion to Dismiss will be denied.

## V. *Motion to Dismiss of Terex*

■ Terex has filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure asserting that Terex owed no legal duty to the Plaintiffs' decedent. Plaintiffs assert that Fruehauf is a subsidiary of Terex, in that Terex owns more than 50% of Fruehauf stock. Plaintiffs also assert that Defendants Terex and Fruehauf have common officers and directors. Plaintiffs assert that they should have an opportunity to substantiate their contention that both Terex and Fruehauf are liable to them before the dismissal of Terex as a party to this action. In its rebuttal, Terex offered the Affidavit of Laura L. Douglas, Assistant General Counsel for Terex stating that (1) Terex was incorporated in 1986, two years after the manufacture and sale of the trailer involved in the accident which gave rise to this litigation; (2) Terex owns approximately 16% of the common stock of Fruehauf; (3) Terex does not and has not provided safety or technical management services to Fruehauf; and (4) Terex was not involved with the design, manufacture, assembly or marketing of the trailer.

■ Normally, when the parties have submitted and the Court has considered materials outside of the pleadings, the Court will treat a defendant's Rule 12(b)(6) motion as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 12(b)(6); *Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir.1980); *Young v. Biggers*, 938 F.2d 565, 568 (5th Cir.1991). In this case, however, Terex submitted the affidavit of Douglas with its rebuttal. If the Court were to treat this motion as a motion for summary judgment by considering the Douglas affidavit without giving the Plaintiffs the benefit of responding to the affidavit, the purpose of summary

9. The statute contains procedures for dealing with the return receipt from the defendant or lack thereof. The statute also prevents the entry of judgment against the defendant unless certain procedures first occur:

> The defendant's return receipt or evidence of defendant's refusal to accept delivery of such certified or registered mail, in case such notice and copy of process or summons are sent by certified or registered mail, or affidavit of the person delivering such notice and copy of process or summons, in case such notice and copy

of process or summons actually are delivered, shall be filed in the court wherein such action is pending before judgment can be entered against such nonresident defendant.

Miss.Code Ann. § 13–3–63 (Supp.1993). Thus, while a plaintiff may not obtain a default judgment against a defendant until these procedures have been met, the statute does not provide that service of process is not complete until such procedures have been met by the Secretary of State.

judgment would not have been fulfilled as the Plaintiffs would not have had an opportunity to refute the factual allegations of Defendant Terex. Plaintiffs responded to the Motion to Dismiss in good faith, requesting an opportunity for further discovery to show whether Terex may in fact be held liable for the death of Plaintiffs' decedent. For these reasons, the Court will not consider the affidavit of Douglas and will treat this motion as a true 12(b)(6) motion to dismiss.[10]

■■■ For the purposes of a motion to dismiss under Rule 12(b)(6), all material allegations in Plaintiff's Complaint must be taken as true and construed in the light most favorable to Plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983). A Rule 12(b)(6) dismissal is not appropriate unless it appears to a certainty that Plaintiff would not be entitled to relief under any set of facts that could be proven. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Rule 12(b)(6) requires dismissal "only if it appears that no relief could be granted under any set of facts that could be proved consistent with the allegation." *Baton Rouge Bldg. & Constr. Trades Council v. Jacobs Constructors, Inc.,* 804 F.2d 879, 881 (5th Cir. 1986) (citing *Hishon v. King & Spalding,* 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)).

Applying this standard, the Court finds that the Plaintiffs have stated a claim against Defendant Terex. Plaintiffs are entitled to conduct discovery in this matter to determine the extent of the involvement between Terex and Fruehauf. The Motion to Dismiss of Terex is therefore denied.

### VI. *Conclusion*

For the reasons set forth in this opinion, the Court finds that the State Defendants should be dismissed from this suit and that all the other motions considered by the Court should be denied.

IT IS THEREFORE ORDERED that the Plaintiff's Motion for Remand is hereby denied.

IT IS FURTHER ORDERED that the Motion to Dismiss of Defendants Mississippi Transportation Commission and Mississippi Department of Transportation is hereby granted, and the claims of the Plaintiffs against these Defendants are hereby dismissed with prejudice.

IT IS FURTHER ORDERED that the Motion to Dismiss of Defendant Roger Don Roberts is hereby denied.

IT IS FURTHER ORDERED that the Motion to Dismiss of Defendant Terex Corporation is hereby denied.

SO ORDERED.

---

**10.** Even if the Court were to consider the Douglas affidavit, genuine issues of material fact exist concerning whether the common officers of Terex and Fruehauf have observed the proper corporate formalities. Plaintiffs are entitled to discovery on this issue to determine whether the corporate veil of Terex and/or Fruehauf may be pierced.