**Joseph and Krystal ARCENEAUX, Plaintiffs,**

v.

**George DAVIDSON, Jr., and Marty R. Tate, D/B/A Tate Trucking, Defendants.**

**No. CIV.A. 4:04CV12LN.**

United States District Court, S.D. Mississippi, Eastern Division.

April 19, 2004.

Paul D. Snow, Paul Snow and Associates, Jackson, MS, for Plaintiffs.

Craig Robert Sessums, Jones, Funderburg & Sessums, Jackson, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of plaintiffs Joseph and Krystal Arceneaux for default judgment against defendant George Davidson, Jr. pursuant to Rule 55 of the Federal Rules of Civil Procedure. Defendant Tate Trucking has responded in opposition to the motion, contending that service of process has not been effected on Davidson and that consequently, a default judgment may not be entered. The court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that Davidson has not been properly served with process and that the motion for default judgment is therefore due to be denied.

Plaintiffs filed this lawsuit on January 27, 2004 seeking to recover damages for injuries sustained in a motor vehicle accident involving plaintiffs' vehicle and a vehicle operated by George Davidson, Jr., an employee of Tate Trucking. Plaintiffs undertook to serve process on Davidson, an Alabama resident, in accordance with Mississippi Code Annotated § 13–3–63. The statute, the non-resident motorist statute, provides that one's use of the highways of this state constitutes appointment of the Secretary of State as one's agent for service of process, and prescribes the procedure for effecting service. To summarize, plaintiffs must provide copies of process to the Secretary of State, who then mails the summons and complaint to the defendant, via certified or registered mail with delivery restricted to the defendant. The statute states that:

The defendant's return receipt or evidence of defendant's refusal to accept delivery of such certified or registered mail, in case such notice and copy of process or summons are sent by certified or registered mail, or affidavit of the person delivering such notice and copy of process or summons, in case such notice and copy of process or summons actually are delivered, shall be filed in the court wherein such action is pending before judgment can be entered against such nonresident defendant. The Secretary of State, upon receipt of such return receipt or evidence of the refusal of such defendant to accept delivery of such certified or registered mail, shall promptly return same to the clerk of the court wherein such action is pend-

ing, and the said clerk of the court shall promptly file and preserve same among the records of such action or proceeding. The court in which the action is pending may order such continuance as may be necessary to afford the defendant reasonable opportunity to defend the action. As provided by the statute, copies of the summons and complaint in this cause were served on the Secretary of State on February 12, 2004, and were in turn sent by the Secretary of State by certified mail, restricted delivery, to Davidson's address in Vinegar Bend, Alabama, which was the address appearing on the accident report. After a period of time, the papers were returned to the Secretary of State stamped "unclaimed." [1]

■ Pursuant to Rule 55 of the Federal Rules of Civil Procedure, a default judgment may be entered against a party who has failed to plead or otherwise defend, so long as that party has been properly served with process. The law is clear, that is, that unless there has been valid service of process, a default judgment may not be entered. *See Jackson v. FIE Corp.*, 302 F.3d 515, 528 (5th Cir.2002); *Leedo Cabinetry v. James Sales & Distribution, Inc.*, 157 F.3d 410, 412 (5th Cir.1998) (stating that "when a district court lacks jurisdiction over a defendant because of lack of service of process, the default judgment is void and must be set aside under Rule 60(b)(4)"). Plaintiffs acknowledge this, but maintain that Davidson has been properly served. To the point, they argue that service was complete upon the Secretary of State's mailing of the summons and complaint to Davidson, and that nothing further was required. Plaintiffs rely on two cases in support of their position in this regard. They point out that in the first, *Gulf National Bank v. King*, 362 So.2d 1253, 1255 (Miss.1978), the Mississippi Supreme Court stated that "[w]hen process is served on the secretary of state as authorized by 13–3–63, service is not complete until the secretary of state mails, by certified or registered mail, to the defendant notice that the summons has been served on him." In reliance on this language, the court in *Wesley v. Mississippi Transportation Commission*, 857 F.Supp. 523, 532 (S.D.Miss.1994), held that Miss. Code Ann. § 13–3–63 and cases interpreting it "do not require proof that [the defendant] actually received the summons and complaint" in order for there to have been valid service but rather "only require proof that the Secretary of State mailed the summons and complaint by certified mail, to the Defendant."

Regardless of whether it would be accurate to say that service of process undertaken pursuant to § 13–3–63 is actually complete when copies of the summons and complaint are properly mailed by the Secretary of State, as urged by plaintiffs and as the court held in *Wesley*, there is no question that in accordance with the unequivocal terms of the statute, a default judgment may not be entered until (and hence, unless) the Secretary of State, after mailing the summons and complaint, returns to the court clerk for filing "[t]he defendant's return receipt or evidence of the refusal of ... defendant to accept delivery of such certified or registered mail...." In fact, in *Wesley*, although Judge Barbour considered that service of process was complete upon mailing by the Secretary of State, he did recognize that under this statute, "a plaintiff may not

---

1. The documents in the record do not reflect the date on which the summons and complaint were mailed by the Secretary of State, but a copy of the summons which appears in the record is stamped "received"—presumably by the Secretary of State's office—on March 22, 2004, indicating that this is the date on which the papers were received by that office following their return by the postmaster.

obtain a default judgment against a defendant until [the] procedures [for dealing with the return receipt from the defendant or lack thereof] have been met." 857 F.Supp. at 532 n. 9. This is consistent with the clear terms of the statute, and with Mississippi cases interpreting it.[2] In *State Farm Mutual Automobile Insurance Co. v. Stewart*, 209 So.2d 438, 439–440 (Miss. 1968), the Mississippi Supreme Court explained that in order to comply with the requirements of § 13–3–63,

> It is not sufficient merely to serve summons upon the Secretary of State. The statute provides that when it is served upon the Secretary of State, he shall mail as certified or registered mail to the last known address of the defendant (to be shown in the summons) notice the summons has been served upon him. There is to be enclosed with this letter a copy of the service. It is further required that a return receipt be requested and that the envelope be stamped for delivery to addressee only. If the defendant signs a receipt for the letter, the receipt is forwarded by the Secretary of State to the clerk of the court which issued the summons and is evidence of the fact that the defendant has had actual notice of the suit. If the defendant should refuse to accept delivery of the certified or registered letter, the envelope containing the summons would be returned to the Secretary of State; and thereupon evidence of the defendant's refusal to accept delivery of the certified or registered mail shall be filed with the clerk of the court which issued the summons. The defendant's refusal to accept such notice would prevent him from claiming lack of notice of the said suit.

■ In the case at bar, it is indisputable that George Davidson neither signed the return receipt nor "refused" to accept delivery of the summons and complaint. Rather, the packet containing these materials was returned "unclaimed." *See Pittman v. Triton Energy Corp.*, 842 F.Supp. 918, 922 (S.D.Miss.1994) (stating that "there is a distinction between unclaimed mail and refused mail"). It follows, then,

**2.** The court in *King* did not explicitly hold that service of process was complete upon proper mailing by the Secretary of State. In *King*, the plaintiffs, who had no address for the nonresident defendant, served a copy of the summons and complaint on the Secretary of State in hopes of tolling the statute of limitations. The court held that the limitations period was not tolled simply by delivery of the summons and complaint to the Secretary of State. The point of the court's holding, it seems, was not necessarily that service would have been complete upon mailing by the Secretary of State, but that service could not be considered complete so as to toll the limitations period until process had been mailed to the defendant.

In the *Wesley* case, the Secretary of State mailed the summons and complaint by certified mail, but the package was signed for not by the defendant but by someone else. The court held that service was complete upon the Secretary of State's mailing by certified mail, though it recognized that a judgment could not be entered against a defendant so "served" unless what the court characterized as the additional procedural requirements for dealing with the return of service were met. *Wesley*, 857 F.Supp. at 532.

Ultimately, the question whether the provisions of the statute relating to the Secretary of State's handling of the return receipt or proof of a defendant's refusal to accept service are appropriately regarded as essential requirements for effecting service of process under the statute or are merely procedures that must be followed once service is complete is not one that need be resolved for purposes of this case for in no event may a default judgment be entered here. The court would observe, though, that since no judgment may be entered until the Secretary of State produces a return receipt signed by the defendant or evidence that the defendant has "refused" to accept delivery of the certified or registered mail that is the summons and complaint, the plaintiffs must continue their efforts to serve process.

that plaintiffs' motion for default judgment may not be granted.

As an alternative to entry of a default judgment, plaintiffs have asked that the court "find that George Davidson, Jr. has been properly served with process and be allowed ten (10) days within which to file an answer or a default judgment will be entered against him." However, for the same reason this court cannot enter default judgment at this time, the court cannot order that it will enter a default judgment unless Davidson answers the complaint. Simply put, under the statute at issue, until such time as the Secretary of State files proof that Davidson has either signed for process or refused same, neither of which has occurred, default judgment cannot be entered.

Accordingly, it is ordered that plaintiffs' motion for entry of a default judgment is denied.