BARNES, J.,
for the Court:
¶ 1. On August 8, 2009, while traveling northbound on Interstate ■ 55 in Holmes County, Mississippi, Hector Mejia’s vehicle swerved into the left lane, and then over-corrected, swerving back into the right lane, and colliding with the vehicle driven by Ashley Darville. Her mother, Carol Darville, owned the vehicle and was a passenger in the car. Both women sustained multiple injuries.[1]
¶ 2. On April 26, 2012, Darville filed a complaint for negligence against Mejia with the Holmes County Circuit ■ Court. After four attempts to serve notice on Mejia were unsuccessful, Darville moved for an extension of time for service of process on September 14, 2012. See M.R.C.P. 4(h).' While nothing in the record indicates the circuit court granted the motion, the circuit court did grant a second *314 motion for an extension on January 2, 2013, allowing Darville an additional 120 days to serve the defendant. The second motion stated a belief that Mejia was evading service of process and noted efforts by Darville to subpoena Mejia’s' license number and driving records from Tennessee and Mississippi to determine his whereabouts. An investigation revealed that Mejia had approximately eighteen residences, the majority of which were in Tennessee, between 2008 and 2013.
¶ 3. However, even after these inquiries, Darville was unable to locate and serve process on Mejia. A third motion for an extension of time was filed-on July 2, 2013. The record reflects that the circuit court entered, an order denying the .third motion on June 27, 2013. A fourth motion for an extension was filed on December 11, 2013, explaining the multiple efforts to serve Mejia, who was believed to be “an illegal alien and/or a drifter.” On February 10, 2014, Darville attempted service of process on Mejia through his insurance company, United Automobile Insurance Company (UAIC).
¶ 4. Eventually, since Mejia was considered a nonresident'motorist/Darville submitted service of process to'the Mississippi Secretary of State’s Office on February 25, 2014, pursuant to Mississippi Code Annotated section 13-3-63 (Rev.2012). Service of process on an out-of-state defendant under section 13-3-63 may be effected by serving Mississippi’s Secretary of State, who must forward the summons/process to the defendant at his last known address via certified or registered mail. A defendant’s return receipt or evidence of the defendant’s refusal to. accept delivery must be filed with the court in which the action is pending. Miss.Coda Ann. § 13-3763. The Secretary of State attempted to. forward the summons to Mejia, but it was returned unclaimed.
¶ 5. On March 7, 2014, a motion to dismiss with prejudice was filed by attorney Bradley Kelly, with Copeland, Cook, Taylor & Bush (Copeland), purportedly on Mejia’s behalf, although it was acknowledged that Copeland represented UAIC, Mejia’s-'insurer. The motion alleged Mejia was improperly served through UAIC, who was not his registered agent. It alternatively claimed that even if service of process was proper, the statute of limitations had expired prior to perfection of service.
¶-6. A hearing on the motion to dismiss was held on April 28, 2014. Kelly asserted that he. represented Mejia in the.lawsuit and argued that service of process was insufficient and that Darville’s claim was barred by the applicable statute of limitations. Darville admitted service of process on UAIC as Mejia’s agent was not proper, but argued “the only attorney that [Mejia] has is the Secretary of State” and “[counsel ha[d] no standing” to file the motion on Mejia’s behalf.
¶ 7. On May 15, 2014, the circuit court granted the motion and dismissed Dar-ville’s complaint ivith prejudice, concluding that “the statute of limitations ran , before service of process was perfected either by service upon Mejia’s insurance company, which [the court found] to be unprecedented and unsupported by law, or upon the Secretary of State,” The order did not address the standing issue asserted by Darville.
¶ 8. On appeal, we conclude that Darville exhibited good cause for not timely serving process on Mejia, and there was insufficient information to determine that the applicable statute of limitations had run. We reverse , the circuit court’s dismissal with prejudice on this ground and remand for further proceedings in accordance with this opinion.
*315 STANDARD OF REVIEW
¶ 9. A circuit court’s grant or denial of a motion to dismiss is reviewed de novo. Shaver v. Blackwell, 43 So.3d 1155, 1157 (¶ 6) (Miss.Ct.App.2010) (citing City of Jackson v. Perry, 764 So.2d 373, 375 (¶ 9) (Miss.2000)).
DISCUSSION
I. Whether counsel had standing to bring the motion to dismiss on Mejia’s behalf.
¶ 10. Darville contends the circuit court erred in granting the motion to dismiss, “as the motion was not brought by Appellee, but by his. insurance company, UAIC, who lacked, standing to bring the motion.” The Appellee responds that the motion “was clearly brought by counsel on behalf of Hector Mejia, not [UAIC].” At the hearing on the motion to dismiss, Kelly stated that he was there “on behalf of the Defendant,” making a “special appearance.” [2] He noted thaj; another member of his law firm was the registered agent for UAIC. However, Darville’s counsel argued:
And we really shouldn’t be arguing this motion anyway, because [c]ounsel has no standing and the motion itself[ ] is moot, because he has no standing, because he has no' relationship with Mr. Mejia, he hasn’t' been hired by Mr. Mejia, he hasn’t been contracted by Mr. Mejia. The only person counsel represents is the insurance company.
¶ 11, We find Darville’s claim is not .wholly supported by the circumstances. Kelly, who was evidently appointed by UAIC to assist in the litigation brought against Mejia, claimed he represented Mejia, not UAIC. There is no dispute that UAIC was not a party-to the proceeding or an agent for the defendant. Although the insurance contract is not contained in the record, Kelly , asserted at the hearing that Mejia was “afforded representation under his insurance policy.” “In Mississippi, an insurance company’s duty to defend its insureds derives :.. from the provisions of its policy, that is, its insurance contract with its insured. It is a matter of contractual agreement.” Baker Donelson Bearman & Caldwell P.C. v. Muirhead, 920 So.2d 440, 450 (¶ 40) (Miss.2006); see also Minn. Life Ins. Co. v. Columbia Cas. Co., 164 So.3d 954, 970 (¶ 57) (Miss.2014) (“Under Mississippi law, the determination of whether an insurance company has a duty to defend depends upon the language of the policy as compared to the allegations of the complaint in the underlying action.”).
¶12. Furthermore, “[a]n insurance company’s duty to defend its insured is triggered when it becomes aware that a complaint has been filed which "contains reasonable, plausible allegations of conduct covered by the policy.” Baker Donelson, 920 So.2d at 451 (¶ 41). Darville acknowledged UAIC’s duty to defend by attempting to serve Mejia through the insurance company. After UAIC was notified of the complaint through Darville’s attempt to serve process, it filed a motion to dismiss on Mejia’s behalf, presumably under its duty to defend. Thus, we cannot conclusively state that counsel had no standing to file a motion on Mejia’s behalf.
*316 II. Whether the circuit court’s denial of Darville’s third motion for an extension for service of process was an abuse of discretion.
¶ 13. Darville claims her third motion to extend time for service of process should have been granted by the circuit court, as there was “good cause” shown for not being able to serve Mejia. Mississippi Rule of Civil Procedure Rule 4(h) states:
If a service of the summons and complaint is not made upon a defendant within 120 days after the filing, of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court’s own initiative with notice to such party or upon motion.[3]
Once a party has been granted an initial extension of time under Rule 4(h) in which to serve, process, “a second or subsequent extension of time to effectuate service of process may be granted by the trial court only upon a showing of ‘good cause.’ In other words, once the initial, 120-day period after filing the complaint has elapsed, good cause is required to avoid dismissal.” Johnson v. Thomas ex rel. Polatsidis, 982 So.2d 405, 413 (¶ 24) (Miss.2008). This Court has noted:
To establish good cause, the plaintiff must demonstrate that she made diligent efforts to effect service upon the defendant. Foss v. Williams, 993 So.2d 378, 379 (¶ 6) (Miss.2008). Examples of good cause include: “when the failure is a result of the conduct of a third person; when the defendant has evaded service of process or engaged in misleading conduct; when the plaintiff has acted diligently; when there are understandable mitigating circumstances; or when the plaintiff is proceeding pro se or in forma pauperis.” Id.
Shaver, 43 So.3d at 1157-58 (¶ 8) (emphasis added). Determining whether good cause exists is “a discretionary ruling on the part of the trial court and entitled to deferential review of whether the trial court abused its discretion and whether there was substantial evidence supporting the determination.” Rains v. Gardner, 731 So.2d 1192, 1197 (¶ 18) (Miss.1999).
¶ 14. According to the record, Mejia had multiple listed addresses. The steps utilized to serve process on Mejia are as follows:
• A summons was issued to a listed Memphis address on May 1, 2012, by a process server. The return receipt indicates “bad address”/unable to serve.
• Second summonses were issued August 6, 2012, via certified mail to several addresses.
• A motion to extend time for service of process was filed on September 14, 2012. No order or action was taken on this motion.
• A second motion to extend time was filed on January 2, 2013, outlining four attempts to serve process, and alleging Mejia was evading process. The court granted an additional 120 days for service of process on January 3, 2013,
• Darville issued subpoenas duces tecum to Tennessee and Mississippi to obtain Mejia’s driving records/car license and registration, but was unsuccessful in locating Mejia. . A search revealed *317 that Mejia’s Social Security number was linked to multiple people.
• Darville filed a third motion for ah extension on June 24, 2013, noting extensive efforts to locate the defendant, “but to no avail.” The motion was denied for lack of sufficient evidence for good cause.
Despite these attempts, Darville was unable to serve process on Mejia, and she presumes that Mejia is likely an illegal alien and/or a transient.
¶ 15. In Jenkins v. Oswald, 3 So.3d 746 (Miss.2009), Margaret Oswald was unable to locate the defendant, William Jenkins, through a series of internet searches for the defendant’s driver’s license records and addresses, Jenkins was finally served process almost five years after the initial filing of the complaint, and he subsequently filed a motion to dismiss for the failure to comply with Rule 4(h). Id. at 747 (¶¶ 2-3). Although the trial court noted that “the absence of application for an extension of time to search for Jenkins [was] problematic,” it did not find the delay to be “a fatal flaw” as “Oswald was making some diligence, or at least reasonably diligent efforts” to locate Jenkins, and it denied the motion to quash service of process and dismiss the action. Id. at 749 (¶ 11). The supreme court affirmed the trial court’s ruling, finding it supported by “substantial evidence.” Id. at 750 (¶ 16).
¶ 16. We acknowledge that Darville filed the third motion to extend time for service of process on June 24, 2013, outside the 120 days granted by the circuit court on January 3, 2013. When a plaintiff has difficulty in effecting service of process upon a defendant, “it [is] incumbent upon him to petition the court for an extension of time prior to, rather than after, the expiration of the 120-day period.” Sanders v. Robertson, 954 So.2d 493, 496 (¶ 13) (Miss.Ct.App.2007). However, as noted in Jenkins, this failure is not fatal to the action.- In Webster v. Webster, 834 So.2d 26, 29 (¶ 11) (Miss.2002), the supreme court held that “a motion for additional time may be filed after the 120-day time period has expired,” but suggested that filing prior to the expiration of the 120 days “would support an allegation that good cause exists for failure to serve process timely.” (Emphasis added).
Our rule states that if the 120-day period has elapsed without effecting service of process, “the action shall be dismissed ... upon the' court’s own initiative with notice to such party or upon motion.” M.R.C.P. 4(h). The comments state that the complaint will be dismissed “unless good cause can be shown as to why service could not be made.” The rule therefore provides that the plaintiff mil have an opportunity to show good cause after the 120-day period has elapsed. Why else does Rule 4(h) require that notice be given to the plaintiff before the court can dismiss the complaint? The requirement of notice being given contemplates a response to the notice. A motion for additional time is an appropriate response to the notice.
Id. at (¶ 10).
¶ 17. Thus,, while we are to give the circuit court deference in its decision to deny Darville’s third and subsequent extensions of time to serve process, we find the court’s denial was not supported by substantial evidence. Kelly, counsel for Mejia, claims that Darville’s search has “not been diligent,” but the record clearly shows that over a period of almost two years, Darville attempted to locate Mejia through numerous internet searches, albeit unsuccessfully. The only specific lack of diligence cited by Kelly is Darville’s failure to attempt service with the Secretary of State earlier. Darville did not attempt process- through the Secretary of State *318 until February 26, 2014. Yet. service would still not have been effective, as the Secretary of State also failed to locate Mejia — the notice of service was returned unclaimed, and .the return receipt was not signed. In State Farm Mutual Automobile Insurance Co. v. Stewart, 209 So.2d 438, 440 (Miss.1968), the supreme court voided a default judgment against the defendant because there was no return receipt from the defendant; nor was there a “refusal of the letter by him ... or any evidence, of thp actual delivery of the process to him.” “It is essential to due process that a defendant have notice of an action against him.” Id.; see also Arceneaux v. Davidson, 325 F.Supp.2d 742 (S.D.Miss.2004) (denying a motion for default judgment as the defendant, who was served through the Secretary of State under the lorig-arrn statute, had “neither signed, the return receipt nor ‘refused’ to accept delivery of the summons and complaint”). Accordingly, there is no evidence that Darville’s failure to attempt service with the Secretary of State earlier would have had any effect on this litigation.
¶ 18. The dissent posits that Darville never attempted service at the most current listed residence for Mejia. However, the dissent disregards the fact that even Mejia’s counsel, Kelly, failed to provide any definitive information as to Mejia’s whereabouts, nor make any representation as to what diligence could have located Mejia. Compare Moore v. Boyd, 799 So.2d 133, 137 (¶ 13) (Miss.Ct.App.2001) (Although Moore claimed he could not locate Boyd, evidence showed Boyd’s own father told Moore where Boyd could be located, but Moore failed to serve process within the prescribed time period and “made no effort to obtain such an extension in order to steadfastly, preserve his future efforts at service on Boyd.”). If Mejia was so easily found, as claimed by the dissent, why did Kelly not inform the trial court of this information to support its motion to dismiss? As noted by .Dar-ville, “as of this date, [Mejia] has not and [cannot] be located by [Darville], the courts, nor his own insurance carrier, IJAIC.”
¶ 19. We find that Darville provided substantial evidence that good cause existed for his failure to serve process within the prescribed period, and the circuit court abused its discretion in denying his motions for additional time.
III. Whether the trial court erred in granting the motion to dismiss.
¶20. In granting the motion to dismiss, the circuit' court observed that even had it granted another extension for time, the case could not be “revived” before the statute of limitations had run. The circuit court' dismissed the action with prejudice based on its conclusion that the statute of limitations had run under Mississippi Code Annotated section 15-1-49 (Rev.2012), which prescribes a general three-year limitations period.[4]
¶21. However, the circuit court failed to consider that the statute of limitations may be tolled under Mississippi Code Annotated section 15-1-63 (Rev.2012), which states:
If, after any cause of action has accrued in this state, the person against whom it has accrued be absent from and reside out of the state, the time of his absence shall not be taken as any part of the time limited for the commencement of the action, after he shall return.
*319 (Emphasis added). This statutory provision has been construed “to require that a plaintiff seeking to benefit from it must have been unable to effect service on the defendant for the period which it is claimed* that the statute is tolled.” Sullivan v. Trustmark Nat’l Bank, 653 So.2d 930, 931 (Miss.1995) (citing Gulf Nat’l Bank v. King, 362 So.2d 1253, 1254 (Miss.1978)). The supreme court has explained:
That is, the defendant must have left the state and not be amenable to service under a long-arm statute or other means, because for example, his whereabouts are unknown. The period of time that the defendant’s whereabouts are unknown is deducted from the period of the statute which would otherwise have run, in effect, adding that time to the statute of limitations. However, the statute of limitations is not tolled where the plaintiff knew or should have known of the defendant’s whereabouts. The burden of proof that the defendant was absent and not amenable to service is on the plaintiff.
Id. at 931-32.
¶ 22. Unless and until Mejia is located, and the circuit court is made aware of where- he has been since the date of the accident, it will be unable to determine whether the statute of limitations has been tolled or has expired. Due to this uncertainty as to whether the statute of limitations has run, we find the circuit court erred in granting the defendant’s motion to dismiss with prejudice. Because Dar-ville has shown good cause for her failure to serve process, and the statute of limitations may be tolled in this instance, we reverse and remand for further proceedings. .
¶ 23. THE JUDGMENT OF THE HOLMES COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
-LEE, C.J., IRVING, P.J., ISHEE.AND JAMES, JJ., CONCUR. WILSON, J„ DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY GRIFFIS, P.J., CARLTON AND FAIR, . JJ.

. Carol Darville’s subsequent death was not related to the automobile accident.

. We do not agree with Darville's claim that Kelly made a general appearance, thus waiving service of process. The only argument brought at the hearing was to contest jurisdiction for failure to serve process upon the defendant. See Isom v. Jernigan, 840 So.2d 104, 107 (¶ 9) (Miss.2003) ("Mississippi does not recognize 'special appearances’ except where a party appears solely to object to the court's jurisdiction over her person on grounds that she is not amenable to process.”).

. Federal Rule 4(m) states there is no limit to the number of extensions as long as a legitimate reason exists to grant the extension and it results in no prejudice to the defendant. 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1137 (4th ed.2015).

. Rule 4(h) clearly provides that an action “shall be dismissed without prejudice” if service is not effected within the prescribed 120 days and the plaintiff fails to "show good cause.” (Emphasis added).